**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY, LLC.,** | § § § | |
| *Plaintiff*, | § § | |
| **v.** | § § | **CIVIL ACTION NO.**  4:22-cv-01181 |
| **CAMERON JOHNSON** | § § | |
| *Defendant.* | § § § | |

**PLAINTIFF'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Plaintiff Hardball Baseball Academy, LLC ("Hardball" or "Plaintiff") removes Cause No. 2022-08824; *Hardball Baseball Academy, LLC. v. Cameron Johnson*; from the 61st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

**I. SUMMARY OF GROUNDS FOR REMOVAL**

1.      Removal is appropriate under 28 U.S.C. §§ 1331 and 1441.  On April 7, 2022, Defendant in the above-referenced lawsuit filed counterclaims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.  As such, this District Court has original jurisdiction over this civil matter because it arises under the Constitution, laws, or treaties of the United States.

**II. PROCEDURAL REQUIREMENTS FOR REMOVAL**

2.      On April 7, 2022, Cameron Johnson ("Defendant") filed his First Amended Original Answer and Counterclaims against Plaintiff.  Plaintiff was served with the answer on or about April 7, 2022.  Accordingly, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446.

3.      Venue lies in this Court because this case was pending in the District Court of Harris County, Texas, and this Court is the "district court of the United States for the district and division embracing the place where the action is pending."  *See* 28 U.S.C. § 1441(a).

4.      Plaintiff will promptly serve notice and a copy of this Notice of Removal with the Clerk of Harris County, Texas, as required by 28 U.S.C. § 1446(d).

5.      Attached to this Notice of Removal are the documents required by Local Rule 81.

### III. CONCLUSION AND PRAYER

WHEREFORE, Plaintiff hereby provides notice that this action has been properly and immediately removed, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Plaintiff respectfully requests this Court exercise and maintain its jurisdiction over this case.

Respectfully submitted,

**GRAY REED & McGRAW LLP**

By: */s/ Jay Aldis*
Jay Aldis
Texas State Bar No. 00785656
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7175
Fax:    (713) 986-7100
jaldis@grayreed.com

Attorney for Plaintiff
Hardball Baseball Academy, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the <u>12th</u> day of April 2022, a copy of the foregoing document was served on counsel of record by the Court's electronic filing system.

/s/ *Jay Aldis*
_____
Jay Aldis

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY,** | § | |
| **LLC.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 4:22-cv-01181 |
| | § | |
| **CAMERON JOHNSON** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**INDEX OF MATTERS**

Pursuant to 28 U.S.C. § 1447(b) and Local Rule 81, Plaintiff files this Index of Matters (the

"Index") – Cause No. 2022-08824, *Hardball Baseball Academy, LLC. v. Cameron Johnson; from the 61st*

*Judicial District Court of Harris County* (the "State Court Action").

Accordingly, attached to this Index are the following:

Exhibit A:     Pleadings Asserting Causes of Action Filed in the State Court Action

- Plaintiff's Original Petition
- Temporary Restraining Order
- Defendant's Original Answer
- Orders for Temporary Injunction Hearing
- Orders Setting Hearings
- Docket Control Order
- Certificates of Written Discovery
- Defendant's First Amended Answer

Exhibit B:     The Docket Sheet in the State Court Action

Exhibit C:     List of All Counsel of Record

Respectfully submitted,

**GRAY REED & McGRAW LLP**


By:  */s/ Jay Aldis*

Jay Aldis
Texas State Bar No. 00785656
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7175
Fax:    (713) 986-7100
jaldis@grayreed.com

Attorney for Plaintiff
Hardball Baseball Academy, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the <u>12th</u> day of April 2022, a copy of the foregoing document was served on counsel of record by the Court's electronic filing system.

/s/ *Jay Aldis*
Jay Aldis

# EXHIBIT A

2/11/2022 4:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61687102
By: Maria Rodriguez
Filed: 2/11/2022 4:22 PM

CASE NO. _____

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | HARRIS COUNTY, TEXAS |
| **v.** | § | |
| | § | |
| CAMERON JOHNSON, | § | |
| | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

Plaintiff Hardball Baseball Academy LLC ("Hardball") files this Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction against Defendant Cameron Johnson ("Johnson"). In support of its Petition and Application, Hardball respectfully shows the following:

### DISCOVERY AND DAMAGES

Hardball requests that discovery in this matter be conducted at Level 2, pursuant to Texas Rule of Civil Procedure 190.3. Hardball seeks monetary relief of $250,000 or less and non-monetary relief.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action because the amount in controversy is in excess of the minimum jurisdictional amount.

2.      Venue is proper in Harris County, Texas because Johnson resides in Harris County and a substantial part of the events giving rise to this action occurred in Harris County.

1

## PARTIES

3.      Hardball is a Texas small business corporation with its principal place of business at 1900 Jillian Terrace, Friendswood, Texas 77546.

4.      Johnson is an individual residing in Harris County.  He may be served with process at his residence, 444 East Medical Center Blvd., Apt. 1008, Webster, Texas 77598.

## INTRODUCTION AND SUMMARY OF FACTS

5.      Hardball is in its 25th year as a baseball academy.  It has had facilities in Dickinson and Pearland and has also started construction on another location in Friendswood.  Defendant Johnson worked for Hardball as a baseball instructor and coach, primarily at the facility in Dickinson. Throughout the time he worked at Hardball, Johnson was provided access to confidential information, including clients' e-mails, phone numbers and GroupMe chats, pricing, the structure of lessons, class curricula, and player profiles.  To protect this information, Hardball had its personnel, including Johnson, sign Employment, Non-Compete and Non-Disclosure Agreements in 2020.  The Agreements prohibited the staff from divulging or disclosing Hardball's confidential information, engaging in a competitive business within a 30-mile radius, and soliciting customers to provide the same or similar products or services provided by Hardball.  In December 2021, just as player tryouts were to take place for the 2022 season, Johnson informed Hardball he did not want to coach teams any more.  To limit the damage such an announcement would undoubtedly have on Johnson's team, Hardball told him to not yet tell them of his decision.  However, Johnson disobeyed that directive and announced he would not be coaching in 2022.  As a result, the 16U Hardball team disbanded.  Then, to add insult to injury, Johnson informed Hardball he was leaving altogether and would be competing within the 30-mile radius referenced in the Non-Compete Agreement.  Therefore, Hardball requests that Johnson be restrained from using its information, competing against it within the prohibited 30-mile area, and soliciting its customers to provide them the very same services Hardball has provided them for years.

2

## FACTUAL BACKGROUND

6.      Hardball is in its 25th year of providing baseball instruction in Brazoria, Galveston and Harris Counties.  Its first location was in Dickinson.  After expanding that facility twice, Hardball found another spot in Pearland and is currently starting construction on an 18,000 square foot location in Friendswood.

7.      Johnson served as a team coach and instructor at Hardball for several years.  On January 1, 2020, he entered into an Employment Agreement and a Non-Compete Agreement.  *See Agreements attached as Exhibit A.*  Section 4 of the Non-Compete Agreement stated:

> Cameron Johnson will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Cameron Johnson or divulge, disclose, or communicate in any manner any information that is proprietary to Hardball Academy LLC. … The obligation of Cameron Johnson not to disclose confidential information shall continue for a period of 5 years after the effective date of this agreement.

8.      Sections 1 and 2 of the Non-Compete Agreement and Section 8 of the Employment Agreement contained non-compete and non-solicitation covenants.  The Non-Compete Agreement stated:

> During employment and for a period of 3 years after the separation of employment for any reason Cameron Johnson will not directly or indirectly engage in any business that competes with Hardball Academy LLC.

> This covenant shall apply to the geographical area that includes the area within a 30-mile radius of any existing Hardball Academy facility or facilities that will be owned/operated/built during the time of employment.

> Directly or indirectly engaging in any competitive business includes but is not limited to: (i) engaging in a business as an owner, partner, or agent (ii) becoming an employee of any third party engaged in such business (iii) becoming interested in any such business either directly or indirectly or (iv) soliciting any customer of Hardball Academy LLC for the benefit of self-employment or the benefits of a third party engaged in such business.  Cameron Johnson agrees that this non-compete will not adversely affect their livelihood.

> For a period of 3 years after the effective date of this agreement Cameron Johnson will not directly or indirectly solicit business from, or attempt to sell, license, or provide the same or similar products or services as are now provided to, any customer or client of

3

Hardball LLC, nor shall Cameron Johnson use Hardball Academy's existing or any client during the course of employments demographic and confidential information to solicit and provide quotes and or transfer business to any competing entity.  Further, for a period of 3 years after the effective date of this agreement Cameron Johnson will not directly or indirectly solicit, induce or attempt to induce any employee of Hardball Academy LLC to terminate his or her employment with Hardball Academy LLC.

Similarly, the Employment Agreement stated that Johnson would have information regarding Hardball's processes, trade secrets, customer lists, prices, costs, discounts, business affairs and future plans; Johnson would not divulge, disclose or communicate such information to any third party without Hardball's prior written consent; and in consideration of the disclosure of the information, Johnson agreed that for three years following the termination of is employment he would not, within a 30-mile radius of current or future facilities of Hardball that were acquired during his employment, directly or indirectly:

(i) engage in a business as an owner, partner, or agent, (ii) become an employee of any third party engaged in such business, (iii) become interested directly or indirectly in any such business, or (iv) solicit any customer of Hardball Academy LLC for the benefit of a third party that is engaged in such a business.

9.      In Section 7 of the Non-Compete Agreement, Johnson agreed that if he violated its terms, irreparable harm would occur and money damages would be insufficient to compensate Hardball.  As a result, Johnson acknowledged that Hardball would be entitled to seek injunctive relief requiring him to comply with the agreement.

10.     On January 1, 2020, Hardball and Johnson also entered into a Non-Disclosure Agreement.  *See Agreement attached as Exhibit B.*  Pursuant to that Agreement, Johnson promised to protect Hardball's Confidential Information by not disclosing, copying or modifying it.

11.     Hardball's baseball teams compete from June to November.  Then, in December and January, Hardball conducts tryouts for the next season.  In late November or early December 2021, Johnson approached Hardball's owner, Richie Beard, and told him he did not want to coach teams anymore and was going to leave Hardball.  Beard instructed Johnson to not tell anyone on his 16U

4

Elite team that we was no longer going to coach so the Academy could get through tryouts and identify a new coach.  However, Johnson disobeyed that order and told the team of his decision.  As a result, the team blew up and Hardball does not have a 16U team for 2022.

12.     On December 31, 2021, Johnson had his exit interview with Beard.  When presented with a form acknowledging his Non-Compete and Non-Disclosure Agreements, Johnson refused to sign.  Beard then reminded Johnson of his obligations and Johnson said:

> I understand that if I coach anybody who's been in one of your buildings, then I have legal ramifications and I'm man enough to accept those responsibilities.  … I know that me leaving and coaching baseball outside of Hardball, I know that it hurts your business.

13.     Beard then asked Johnson to honor his contractual commitments and Johnson responded, "If they call me, I have a relationship with them.  I'm not going to turn them away."  Beard remarked that such conduct would be a violation of the contract and Johnson stated, "I understand."  Beard again implored Johnson to abide by the contracts but Johnson defiantly said, "Go ahead and have your attorney start the process."

14.     Recently, Hardball has discovered that Johnson is working and providing baseball instruction at 3K Sports in Pasadena.  The 3K Sports facility is within 30 miles of each of Hardball's locations.

15.     In February, Hardball has also been informed that Johnson is opening a significant baseball facility in Dickinson, which is within 30 miles of Hardball's locations.

## PLAINTIFF'S CAUSES OF ACTION

### Count One: Breach of Contract

16.     Johnson signed a Non-Compete Agreement with Hardball.  In the Agreement, Johnson promised he would not use for his personal benefit or divulge, disclose, or communicate in any manner any information that is proprietary to Hardball.  Johnson also agreed he would not directly or indirectly engage in any business that competes with Hardball nor would he directly or indirectly solicit business

5

from, or attempt to sell, license, or provide the same or similar products or services as are now provided to, any customer or client of Hardball.

17.     Johnson's Agreement was supported by good and valuable consideration.

18.     Through his conduct, Johnson is willfully and intentionally breaching, and will continue to breach, his contractual obligations by using Hardball's confidential information, engaging in prohibited competitive activities and wrongfully soliciting Hardball's clients.

19.     As a direct and proximate result of the conduct of Johnson, Hardball has suffered, and will continue to suffer, irreparable injury, loss, harm or damage unless or until Johnson is restrained from his present conduct.

### Count Two: Intentional Interference With Business Relations

20.     Hardball realleges and incorporates the paragraphs set forth above.

21.     Johnson has tortiously interfered with Hardball's relationships with its clients. Johnson has, with improper motive and malice, and without justification or excuse, intentionally interfered with these relationships by conduct which is independently tortious.

22.     As a direct and proximate result of Johnson's wrongful and intentional interference, Hardball has suffered, and will continue to suffer to suffer, injury, loss, harm or damage.

23.     As a direct and proximate result of Johnson's conduct, Hardball has suffered, and will continue to suffer, substantial harm and is entitled to compensatory and exemplary damages.

24.     As a direct and proximate result of the conduct of Johnson, Hardball will inevitably suffer, and continue to suffer, additional damages, which continue to accrue, in an amount to be proved at trial.

### Count Three: Misappropriation of Confidential Information and Trade Secrets -- Violation of the Texas Uniform Trade Secrets Act

25.     Hardball realleges and incorporates the paragraphs set forth above.

6

4874-6014-9769.4

26.     Hardball owns one or more trade secrets and has engaged in reasonable efforts to keep the information secret.

27.     Hardball's trade secrets have independent economic value because they are generally unknown to, and not readily ascertainable by, third parties who can obtain value from their disclosure or use.

28.     Johnson possesses Hardball's trade secrets and has misappropriated the trade secrets either by acquiring them with knowledge of improper means or by using or disclosing them without Hardball's consent.  Johnson is in possession of Hardball's information that gives him a competitive advantage in the marketplace.

29.     If Johnson is not restrained, he will continue to use, disclose and misappropriate Hardball's trade secrets and Hardball will suffer injury, loss, harm or damage.

30.     As a direct and proximate result of the conduct of Johnson, Hardball will continue to suffer immediate and irreparable injury, loss, harm or damage unless or until Johnson is restrained from his present conduct.

**Count Four: Unfair Competition**

31.     Hardball realleges and incorporates the paragraphs set forth above.

32.     A confidential relationship existed amongst Hardball and Johnson.  As a result of this relationship, Johnson had access to Hardball's confidential information.  Johnson has used Hardball's confidential information for his benefit.  Johnson has breached the confidential relationship with Hardball, and he is benefitting from that breach, through his use, disclosure of, and/or unfair competition with, Hardball's confidential information.

33.     As a direct and proximate result of Johnson's unfair competition, Hardball has suffered and will continue to suffer, injury, loss, harm or damage.

7

34.     As a direct and proximate result of Johnson's conduct, Hardball will suffer, and continues to suffer, substantial harm and is entitled to compensatory and exemplary damages. These damages specifically include, but are not limited to, recapture of all compensation or other value that Johnson receives, in any form, as a result of his unfair competition.

35.     As a direct and proximate result of Johnson's unfair competition, Hardball has suffered, and will continue to suffer, additional damages, which continue to accrue, in an amount to be proven at trial.

36.     As a result of the harm caused by Johnson's malicious conduct, Hardball is entitled to exemplary damages.

37.     As a direct and proximate result of the conduct of Johnson, Hardball has suffered, and will continue to suffer, immediate and irreparable injury, loss, harm or damage, unless or until Johnson is restrained from his present conduct.

## Count Five:  Attorneys' Fees

38.     Hardball realleges and incorporates the paragraphs set forth above.

39.     Hardball has been forced to retain the undersigned attorneys in connection with this matter. It has agreed to pay the undersigned counsel a reasonable fee for their services.  Hardball therefore asks the Court to award it the reasonable fees and  other  costs  incurred  in  this lawsuit pursuant to Sections 38.01 and 134A.005 of the Texas  Civil  Practice  and  Remedies  Code.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

### Probable Right of Recovery

40.     Hardball realleges and incorporates the paragraphs set forth above.

41.     It is probable that Hardball will recover legal and/or equitable remedies against Johnson on the claims described in Counts One through Four of this Petition.

8

**Probable Injury**

42.     Hardball realleges and incorporates the paragraphs set forth above.

43.     If Johnson is not restrained from his unlawful conduct, Hardball will suffer imminent harm and irreparable injury and will have no adequate remedy at law, because the damages caused by the disclosure of Hardball's confidential, proprietary and/or trade secret information are difficult, if not impossible to quantify, and cannot be completely cured by an award of monetary relief alone.

**Request for Injunctive Relief**

44.     Hardball realleges and incorporates the paragraphs set forth above.

45.     Based on the foregoing, Hardball asks that the Court issue a temporary restraining order, and after further proceedings, a temporary injunction and permanent injunction against Johnson restraining him as follows:

> Johnson shall not divulge, disclose, or communicate in any manner any information that is proprietary or confidential to Hardball, including business records and plans, trade secrets, technical data, product ideas, contracts, financial information, pricing structure, discounts, computer programs and listings, source code and/or object code, copyrights and intellectual property, inventions, sales leads, strategic alliances, partners, and customer and client lists.

> Johnson shall not engage in any business that competes with Hardball within a 30-mile radius of any existing Hardball facility or facilities.  Engaging in any competitive business includes: (i) engaging in a business as an owner, partner, or agent, (ii) becoming an employee of any third party engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of Hardball Academy LLC for the benefit of a third party that is engaged in such a business.

> Johnson shall not solicit business from, or attempt to sell, license, or provide the same or similar products or services as are now provided to any customer or client of Hardball, nor shall he use the demographic or confidential information of Hardball's existing client or any client during the course of his employment to solicit and provide quotes and or transfer business to any competing entity.

9

## Requested Relief

Hardball requests the following relief:

46.     Injunctive relief as described above as well as all relief, at law and in equity, to which it may be entitled, including but not limited to:

    (a)    consequential damages related to any economic loss as a result of unlawful conduct by Defendants;

    (b)    exemplary/punitive damages due to Johnson's willful and malicious conduct and misappropriation of Hardball's trade secrets;

    (c)    disgorgement of any profits earned by Johnson as a result of unlawful actions;

    (d)    any unjust enrichment to Defendants caused by their misappropriation of Hardball's trade secrets;

    (e)    pre and post-judgment interest; and

    (f)    costs, fines, disbursements and reasonable attorneys' fees pursuant to the Texas Civil Practice and Remedies Code, as well as all other applicable law.

Respectfully submitted,

**GRAY REED**

Jay Aldis
State Bar No. 00785656
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77065
(713) 986-7175 (Facsimile)
jaldis@grayreed.com

**Attorneys for Plaintiff**

10

*EXHIBIT A*

**Employment Contract**
**Hardball Academy LLC**

This Employment Contract is made effective as of _____01/01/2020_____, by and between Hardball Academy LLC of 728 Marbrook Saddle Lane, League City, TX 77573 and __Cameron Johnson____ of _____.

A.     Hardball Academy LLC is engaged in the business of Baseball Instruction/Coaching. Cameron Johnson_____ will primarily perform the job duties at the following locations. 3201 Hamm Road, Pearland, TX 77573. 4807 Hwy 646, Dickinson, Texas 77539.

B.     Hardball Academy LLC. desires to have the services of __Cameron Johnson_____.

1.     **Employment**
Hardball Academy LLC. shall employ__Cameron Johnson_____as an Instructor/Coach._____Cameron Johnson_____ shall provide to Hardball Academy LLC duties as needed. __Cameron Johnson_____accepts and agrees to such employment, and agrees to be subject to the general supervision, advice and direction of Hardball Academy LLC. and Hardball Academy LLC's supervisory personnel.

2.     **Best Efforts of Employee.**
Cameron Johnson____ agrees to perform faithfully, industriously, and to the best of _his____ ability, experience, and talents, all of the duties that may be required by the express and implicit terms of this contract, to the reasonable satisfaction of Hardball Academy LLC. Such duties shall be provided at such places as the needs, business, or opportunities of Hardball Academy LLC may require from time to time.

3.     **Ownership of Social Media/Social Media Contacts**
Any social media contacts, including followers or friends that are acquired through accounts(including but not limited to email addresses, blogs, Twitter, Facebook, YouTube, or other social media networks) used or created on behalf of Hardball Academy LLC are the property of Hardball Academy LLC.

4.     **Recommendations for improving Operations**
Cameron Johnson_____shall provide Hardball Academy LLC with all information, suggestions, and recommendations regarding Hardball Academy LLC's business, of which__Cameron Johnson_____has knowledge, that will be of benefit to Hardball Academy LLC.

5.     **Confidentiality**
Cameron Johnson_____recognizes that Hardball Academy LLC has and will have information regarding the following:

-processes
-trade secrets
-customer lists

-prices
-cost
-discounts
-business affairs
-future plans

And other vital information items (collectively, "information") which are valuable, special and unique assets of Hardball Academy LLC.
__Cameron Johnson__ agrees that_ he_ will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any information to any third party without the prior written consent of Hardball Academy LLC. Cameron Johnson_ is expected to protect the information and treat it as strictly confidential. A violation by__Cameron Johnson_____ of this paragraph shall be a material violation of this contract and will justify legal and/or equitable relief.

This agreement is in compliance with the Defend Trade Secrets Act and provides civil or criminal immunity to any individual for the disclosure of trade secrets: (i) made in confidence to a federal, state, or local government official, or to an attorney when the disclosure is to report suspected violations of the law: or (ii) in a complaint or other document filed in a lawsuit if made under seal.

6.     **Unauthorized disclosure of Information**
If it appears that_Cameron Johnson_____ has disclosed (or has threatened to disclose) information in violation of this contract, Hardball Academy LLC shall be entitled to an injunction to restrain __Cameron Johnson_____ from disclosing, in whole or in part, such information, or from providing any services to any party to whom such information has been disclosed or may be disclosed. Hardball Academy LLC shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

7.     **Confidentiality after termination of employment.**
The confidentiality provisions of this Contract shall remain in full force and effect for a period of 3 years after the voluntary or involuntary termination of Cameron Johnson_____ employment. During such periods, neither party shall make or permit the making of any public announcement or statement of any kind that Cameron Johnson_____ was formerly employed by or connected with Hardball Academy LLC.

8.     **Non-Compete Agreement**
Cameron Johnson___ recognizes that the various items of information are special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of inforamtion_Cameron Johnson_____ agrees and covenants that during his or her employment by Hardball Academy LLC and for a period of 3 years following the termination of __Cameron Johnson_____; employment, whether such termination is voluntary or involuntary_Cameron Johnson_____ will not directly or indirectly engage in any business competitive with Hardball Academy LLC.

This covenant shall apply to the geographical area that includes the area within a 30 mile radius of current facilities or future facilities acquired while employed.

Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as an owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of Hardball Academy LLC for the benefit of a third party that is engaged in such business. Cameron Johnson____agrees hat this non-compete provision will not adversely affect his____livelihood.

**9.    Employee's Inability to Contract for employer.**

_Cameron Johnson_____ shall not have the right to make any contracts or commitments for or on behalf of Hardball Academy LLC. without first obtaining the express written consent of Hardball Academy LLC.

**10.    Benefits**

_Cameron Johnson_____ shall be entitled to some employment benefits, as provided by Hardball Academy LLC's policies in effect during the term of employment. These benefits may or may not include: Health insurance, reimbursement of expenses, travel, meals, etc.

**11.    Term/Termination**

__Cameron Johnson_____ employment under this contract shall be for___1____years and the contract will automatically renew at the end of___1____years unless 30 days prior written notice is given. This contract may be terminated by Hardball Academy LLC immediately with or without written notice. If_Cameron Johnson_____is in violation of this contract Hardball Academy may terminate employment without notice and without compensation to __Cameron Johnson___.

**12.    Termination for Disability**

Hardball Academy LLC shall have the option to terminate this Contract, if Cameron Johnson__ becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. Hardball Academy LLC shall exercise this option by giving a 30 day written notice.

**13.    Compliance with employer's rules**

Cameron Johnson__ agrees to comply with all the rules and regulations and any implemented policies of Hardball Academy LLC.

**14.    Return of Property**

Upon termination of this contract, _Cameron Johnson shall deliver to Hardball Academy LLC all property which is Hardball Academy LLC's property or related to Hardball Academy LLC's business (including keys records, notes, data, memoranda, models, and equipment) that is in_Cameron Johnson_possession or under__Cameron Johnson____control. Such obligation may be governed by any separate confidentiality or property rights agreement signed by _Cameron Johnson_____

**15.    Notices**

All notices required or permitted under this contract shall be in writing and shall be deemed delivered when delivered in person or on the third day after being deposited in the United States mail, postage paid, addressed as follows:

Hardball Academy LLC
Richie Beard
728 Marbrook Saddle Lane
League City, Texas 77573

Such addresses may be changed from time to time by either party. Employee must provide in writing new address within 30 days of changing to a new address.

**16.    Entire Agreement**

This contract contains the entire agreement of the parties. However, it is possible for Hardball Academy LLC to have other agreements such as but not limited to: disclosure statements, job description assignments, equipment contracts, professional growth contracts as well as any other possible addments to this agreement.

**17.    Amendment**

This contract may be modified or amended, if the amendment is made in writing and signed by both parties.

**18.    Severability**

If any provisions of this contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this agreement is invalid or unenforceable, but that by limitinging such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**19.    Waiver of Contractual Right**

The failure of either party to enforce any provision of this contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this contract.

**20.    Signatories**

This contract shall be signed by Richie Beard, President on behalf of Hardball Academy LLC and by ___Cameron Johnson_ in an individual capacity. This Contract is effective as of the date first above written.

_____

Richie Beard, President
Hardball Academy LLC

Date: _02/20/20_____

Employee Name (Print): _Cameron Johnson_____

Employee Name (Signature): _____

Date: _02/20/20_____

**Non-Compete Agreement**

**Hardball Academy LLC**

This Non-Compete Agreement is made effective as of __01_____/__01___/____2020_____, by and between Hardball Academy LLC, of 728 Marbrook Saddle Lane, League City, Texas 77573, and Cameron Johnson of 4310 Egret Dr. Seabrook, Tx 77586

1. **Non- Compete Covenant.** During employment and for a period of  3 years after the separation of employment for any reason ___ Cameron Johnson _____ will not directly or indirectly engage in any business that competes with Hardball Academy LLC.

   This covenant shall apply to the geographical area that includes the area within a 30-mile radius of any existing Hardball Academy facility or facilities that will be owned/operated/built during the time of employment.

   Directly or indirectly engaging in any competitive business includes but is not limited to: (i) engaging in a business as an owner, partner, or agent (ii) becoming and employee of any third party engaged in such business. (iii) becoming invested in any such business either directly or indirectly or (iv) soliciting any customer of Hardball Academy LLC for the benefit of self-employment or the benefit of a third party engaged in such business. __ Cameron Johnson ____ agrees that this non-compete will not adversely affect their livelihood.

2. **Non-Solicitation Covenant.** For a period of 3 years after the effective date of this agreement._ Cameron Johnson will not directly or indirectly solicit business from, or attempt to sell, license, or provide the same or similar products or services as are now provided to, any customer or client of Hardball LLC, nor shall __ Cameron Johnson use Hardball Academy's existing or any client during the course of employments demographic and confidential information to solicit and provide quotes and or transfer of business to any competing entity. Further, for a period of 3 years after the effective date of this agreement___ Cameron Johnson will not directly or indirectly solicit, induce or attempt to induce any employee of Hardball Academy LLC to terminate his or her employment with Hardball Academy LLC.

3. **Condition of Employment.** In consideration of the commitments and obligation made by __ Cameron Johnson.  Cameron Johnson and Hardball Academy LLC. agree that the execution of this agreement is a condition of the employment of _____ Cameron Johnson by Hardball Academy LLC.

4. **Confidentiality**. _____ Cameron Johnson will not at any time or in any manner, either directly or indirectly, use for the personal benefit of Cameron Johnson or divulge, disclose, or communicate in any manner any information that is proprietary to Hardball Academy LLC. The nature of the information and the manner of disclosure are such that a reasonable person

would understand it to be confidential. Cameron Johnson will protect such information and treat it as strictly confidential. The obligation of Cameron Johnson not to disclose confidential information shall continue for a period of 5 years after the effective date of this agreement. Within 15 days after receiving a written request, __ Cameron Johnson will return to Hardball Academy LLC. all records, notes, documentation, and other items that were used, created, or controlled by ___ Cameron Johnson _____.

5. **Entire Agreement.** This agreement contains the entire agreement of the parties regarding the subject matter of this agreement, and there are no other promises or conditions in any other agreement whether oral or written. This document will automatically renew after 3 years unless the employee submits resignation information in writing 30 days prior to the end of this contract.

6. **Severability.** The parties have attempted to limit the non-compete provision so that it applies only to the extent necessary to protect legitimate business and property interests. If any provision of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this agreement is invalid or unenforceable but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

7. **Injunction.** It is agreed that if __ Cameron Johnson violates the terms of this agreement irreparable harm will occur, and money damages will be insufficient to compensate. Hardball Academy LLC. Therefore, Hardball Academy LLC will be entitled to seek injunctive relief (i.e., a court order that requires __ Cameron Johnson to comply with the agreement). to enforce the terms of this agreement.  The prevailing party shall have the right to collect from the other party its reasonable cost and necessary disbursements and attorney's fees incurred in enforcing this agreement.

8. **Applicable Law.**  This agreement shall be governed by the laws of the State of Texas.

9. **Conflict Resolution.** In the event of a dispute between the parties, the parties hereby also agree that the prevailing party shall be entitled to reasonable attorney fees and cost incurred as a result of the dispute.

10. **Signatories.** This agreement shall be signed by _____ Cameron Johnson and by Richie Beard, President, on behalf of Hardball Academy LLC. This agreement is effective as of the date first above written.

Protected Party:

Hardball Academy LLC.

By: _____

Richie Beard

President

Non-Competing Party:

By: _Cameron Johnson_____

Job Title: _Instructor / Team Coach_

2-20-20

*EXHIBIT B*

**Non-Disclosure Agreement**
**Hardball Academy LLC.**

This Non-Disclosure Agreement is made effective as of _____01/01/2020_____. By and between Hardball Academy LLC of 728 Marbrook Saddle Lane, League City, Texas 77573 and __Cameron Johnson_____ of 4310 Egret Dr Seabrook, Tx 77586

Information will be disclosed to _____Cameron Johnson_____ to help assist Hardball Academy LLC with the development of marketing. Client information including phone numbers, email, and social media information will be disclosed to _____Cameron Johnson_____.
As well all business practices, business structure, business systems, and other privileged information. Likewise, other confidential information may be disclosed and not limited to the above mentioned items.

The owner has requested and the recipient agrees that the recipient will protect the confidential material and information which may be disclosed between the Owner and the Recipient. Therefore, the parties agree as follows:

I.   **Confidential Information.** The term "confidential information" means any information or material which is proprietary to the Owner, weather or not owned or developed by the Owner, which is not generally know other than by the Owner, and which the recipient may obtain through any direct or indirect contact with the Owner. Regardless of whether specifically identified as confidential or proprietary. Confidential information shall include any information provided by the Owner concerning the business, technology and information of the Owner and any third party with which the Owner deals, including, without limitation, business records and plans, trade secrets, technical data, product ideas, contracts, financial information, pricing structure, discounts, computer programs and listings, source code and/or object code, copyrights, and intellectual property, inventions, sales leads, strategic alliances, partners, and customer and client list. The nature of the information and the manner of disclosure are such that a reasonable person would understand it to be confidential.

   A.  **Confidential Information does not include:**
   - Matters of public knowledge that result from disclosure by the owner
   - Information rightfully received by the recipient from a third party without a duty of confidentiality
   - Information independently developed by the recipient
   - Information disclosed by operation of law
   - Information disclosed by the recipient with the prior written consent of the owner and any other information that both parties agree in writing is not confidential

**II. Protection of Confidential Information.** The recipient understands and acknowledges that the confidential information has been developed or obtained by the Owner by the investment of significant time, effort and expense, and that the confidential information is a valuable, special and unique asset of the Owner which provides the Owner with a significant competitive advantage, and needs to be protected from improper disclosure. In consideration for the receipt by the recipient of the confidential information, the recipient agrees as follows:

  A. **No Disclosure.** The recipient will hold the confidential information in confidence and will not disclose the confidential information to any person or entity without the prior written consent of the Owner.
  B. **No Copying/Modifying**. The recipient will not copy or modify any Confidential information without the prior written consent of the owner
  C. Unauthorized Use. The recipient shall promptly advise the Owner if the recipient becomes aware of any disclosure or use of the confidential information.
  D. **Application to Employees.** The recipient shall not disclose any confidential information to any employees of the recipient, except those employees who are required to have the confidential information in order to perform their job duties in connection with the limited purpose of this agreement. Each permitted employee to whom confidential information is disclosed shall sign a non-disclosure agreement substantially the same as this agreement at the request of the Owner.

**III. Unauthorized Disclosure of information-Injunction.** If it appears that the recipient has disclosed or threatened to disclose confidential information in violation of this agreement, the owner shall be entitled to an injunction to restrain the recipient from disclosing the confidential information in whole or in part. The owner shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

**IV. Non-Circumvention.** For a period of 5 years after the end of the therm of this agreement, the recipient will not attempt to do business with, or otherwise solicit any business contacts found or otherwise referred by the owner to recipients for the purpose of circumventing the result of which shall be to prevent the owner from realizing or recognizing a profit, fees, or otherwise, without specific written approval of the owner. If such circumvention shall occur the owner shall be entitled to any commissions due pursuant to this agreement or relating to such transaction.

**V. Return of Confidential Information.** Upon the written request of the owner, the recipient shall return to the owner all written materials containing the confidential information. The recipient shall also deliver to the owner written statements signed by the recipient certifying that all materials have been returned within 5 days of receipt of the request.

**VI. Relationship of Parties.** Neither party has an obligation under the agreement to purchase any service or item from the other party, or commercially offer any products using or incorporating the  confidential information. This agreement does not create any agency, partnership, or joint venture.

**VII. No Warranty.** The recipient acknowledges and agrees that the confidential information is provided on an "as is" basis. The owner makes no warranties, express or implied, with respect to the confidential information and hereby expressly disclaims any and all implied warranties of merchantability and fitness for a particular purpose. In no event shall the owner be liable for any direct, indirect, special, or consequential damages in connection with or arising out of the performance or use any portion of the confidential information. The owner does not represent or warrant that any product or business plans disclosed to the recipient will be marketed or carried out as disclosed, or at all. Any actions taken by the recipient in response to the disclosure of the confidential information shall be solely at the risk of the recipient.

**VIII. Limited License to Use**. The recipient shall not acquire any intellectual property rights under the agreement except the limited right to use as set forth above. The recipient acknowledges that, as between the owner and the recipient of the confidential information and all related copyrights and other intellectual property rights, are and (will at all times be) the property of the owner, even if suggestions, comments, and/or ideas made by the recipient are incorporated into the confidential information or related materials during the period of this agreement.

**IX. Indemnity.** Each party agrees to defend, and hold harmless the other party and its officers, directors, agents, affiliates, distributors, representatives, and employees from any and all third party claims, demands, liabilities, cost and expense including reasonable attorney's fees, cost and expenses resulting from indemnifying party's material breach of any duty, representation, or warranty under this agreement

**X. Attorney's Fees.** In any legal action between the parties concerning this agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.

**XI. Term.** The obligations of this agreement shall survive 5 years from the effective date or until the owner sends the recipient written notice releasing the recipient from this agreement. After that, the recipient must continue to protect the confidential information that was received during the term of this agreement from unauthorized use or disclose for an additional 3 years.

**XII. General Provisions.** This agreement sets forth the entire understanding of the parties regarding confidentiality. Any amendments must be in writing and signed by both parties. This agreement shall be construed under the laws of the State of Texas. This agreement shall not be assignable by either party. Neither party may delegate its duties under this agreement without the prior written consent of the other party. The confidentiality provisions of this agreement shall remain in full force and effect at all times in accordance with the terms of this agreement. If any provision of this agreement is held to be invalid, illegal or unenforceable, the remaining portions of this agreement shall remain in full force and effect and construed so as to best effectuate the original intent and purpose of this agreement.

**VIII. whistleblower protection.** This agreement is in compliance with the Defend Trade Secrets Act and provides civil or criminal immunity to any individual for the disclosure of trade secrets (i) made in confidence to a federal, state, or local government official, or to an attorney when the disclosure is to report suspected violations of the la; (ii) in a complaint or other document filed in a lawsuit if made under seal

**XIV. Signatories.** This agreement shall be executed by Richie Beard, President, on behalf of Hardball Academy LLC and _____Cameron Johnson_____ and delivered in the manner prescribed by law as of the date first written above.

**Owner:**
Hardball Academy LLC
Richie Beard-President

By: _____     2-20-20
　　　　　　Richie Beard

**Recipient:**

Cameron Johnson _____ (Print Name)

_____ (Sign Name)

02/20/20 _____ (Date)

## VERIFICATION

STATE OF TEXAS           §
                         §
HARRIS COUNTY            §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Richie Beard

who, after being by me duly sworn on his oath, stated the following:

    My name is Richie Beard.  I am President of Hardball Baseball Academy ("Hardball").  I am more than twenty-one years of age and am fully competent to make this declaration.  I have personal knowledge of each of the statements contained herein and they are true and correct.

    I have read Hardball's Verified Original Petition and Application for Injunctive Relief (the "Petition").  Through my own actions and my position at Hardball, I have personal knowledge of facts stated in the Petition.  The facts stated in Paragraphs 6 through 15 of the Petition are true and correct.

    For purposes of this Verification, I have also been designated as custodian of records of Hardball.  I am familiar with the manner in which Hardball's records are created and maintained by virtue of my duties and responsibilities.  Attached to the Petition are Exhibits A and B.  The Exhibits are the original records or exact duplicates of the records.  The records were made at or near the time of each act, event, condition or opinion set forth in the record.  The records were made by, or from information transmitted by, persons with knowledge of the matters set forth in them.  It is the regular practice of Hardball to keep this type of record in the course of regularly conducted business activity.  It is the regular practice of Hardball to make the records.

    FURTHER AFFIANT SAYETH NOT.

_____
RICHIE BEARD


    SUBSCRIBED AND SWORN TO BEFORE ME on this the ___ day of February, 2022, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of T E X A S

4874-6014-9769.4

12

LAURA A. BROWN
Notary Public, State of Texas
Comm. Expires 12-28-2025
Notary ID 133504741

CASE NO. _____

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY LLC,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **CAMERON JOHNSON,** | § § § | |
| **Defendant.** | § § | **_____ JUDICIAL DISTRICT** |

## TEMPORARY RESTRAINING ORDER

Before the Court is the Verified Application for Temporary Restraining Order against Defendant Cameron Johnson ("Johnson"), and filed by Plaintiff Hardball Baseball Academy LLC ("Hardball") (the "Application").

The Court, having reviewed the Application, exhibits and/or argument of counsel, enters the following ORDER:

The Court concludes that the Application should be granted because Hardball has a probable right to relief on the merits of one or more of its claims against Johnson; Hardball will suffer imminent, irreparable injury if Johnson continues his unlawful conduct; and Hardball has no adequate remedy at law for the relief requested in its Application.

THEREFORE, Johnson and his agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise shall be enjoined or restrained as follows:

> Johnson shall not divulge, disclose, or communicate in any manner any information that is proprietary or confidential to Hardball, including business records and plans, trade secrets, technical data, product ideas, contracts, financial information, pricing structure, discounts, computer programs and listings, source

1

code and/or object code, copyrights and intellectual property, inventions, sales leads, strategic alliances, partners, and customer and client lists.

Johnson shall not engage in any business that competes with Hardball within a 30-mile radius of any existing Hardball facility or facilities.  Engaging in any competitive business includes: (i) engaging in a business as an owner, partner, or agent, (ii) becoming an employee of any third party engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of Hardball for the benefit of a third party that is engaged in such a business.

Johnson shall not solicit business from, or attempt to sell, license, or provide the same or similar products or services as are now provided to any customer or client of Hardball, nor shall he use the demographic or confidential information of Hardball's existing client or any client during the course of his employment to solicit and provide quotes and or transfer business to any competing entity.

Perry's Application for Temporary Injunction is set for hearing and Johnson shall appear on _____, _____, at _____o'clock ___.m. in the _____ District Court of Harris County, Texas, to show cause, if there be any, why a Temporary Injunction should not be issued as requested by Hardball;

The Clerk of this Court shall forthwith, upon filing by Hardball of a bond hereinafter required, issue a Temporary Restraining Order in conformity with the law and according to the terms herein ordered; and

This Order shall not be effective unless and until Hardball executes and files with the Clerk of this Court a Bond in the amount of $ _____.

SIGNED on February _____ , 2022  at _____o'clock _____.m.

_____
JUDGE PRESIDING

2

4854-1580-2638.1

2/14/2022 10:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61740903
By: Tiffany Jefferson
Filed: 2/14/2022 10:36 PM

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| CAMERON JOHNSON | § § | |
| *Defendant.* | § | 61ST JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Cameron Johnson, files this Original Answer as follows:

## GENERAL DENIAL

1.      Defendant, Cameron Johnson (herein after "Defendant") hereby asserts a general denial under Rule 92 of the Texas Rules of Civil Procedure, denies each and every allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

2.      Defendant attaches the following exhibits in support of said General Denial:

      a.      *Exhibit 1* – Declaration of Cameron Johnson

      b.      *Exhibit 2* – Declaration of Richard Johnson

## AFFIRMATIVE DEFENSES

3.      Defendant hereby asserts the following affirmative defenses:

      a.      Doctrine of Unclean Hands.

      b.      Failure of Consideration in the non-compete agreement.

      c.      Unenforceability and Unconscionability as a matter of Texas law.

Copy from re:SearchTX

d.  Indefiniteness of Contracts—there was no term nor compensation described therein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron Johnson, prays that Plaintiff's case be dismissed in its entirety, deny any temporary restraining order, and awards Defendant's costs, and attorney's fees and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

**KEARNEY, McWILLIAMS & DAVIS, PLLC**

*Deborah L. Crain*

Deborah L. Crain
SBN: 24067319
dcrain@kmd.law
Jamison Walters
SBN: 24098573
jwalters@kmd.law
55 Waugh Drive, #150
Houston, Texas 77077
Tel: (713) 936-9620, ext. 111
Fax: (713) 533-8055
**ATTORNEYS FOR DEFENDANT**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served on February 14, 2022 in accordance with the Texas Rules of Civil Procedure upon the following:

***Via E-file: jaldis@grayreed.com***
Gray Reed
Jay Aldis
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77065
**ATTORNEYS FOR PLAINTIFF**

/s/ Jamison B. Walters

Jamison B. Walters

Copy from re:SearchTX

# Exhibit 1

Copy from re:SearchTX

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| CAMERON JOHNSON | § § | |
| *Defendant.* | § § | 61ST JUDICIAL DISTRICT |

## UNSWORN DECLERATION OF CAMERON JOHNSON

"My name is Cameron Johnson. I am more than eighteen years of age, of sound mind, and fully competent to make this declaration. My address is 444 East Medical Center Blvd., #1008, Webster, Texas 77598. I have personal knowledge of the matters set forth below and they are true and correct under penalty of perjury and based on my own personal knowledge."

1.  I am a baseball coach. I have played baseball my entire life, and the majority of what I have learned about the sport and how to teach others how to play comes from what my father, Richard Johnson, taught me.

2.  My father was a professional baseball player and played for the Houston, Astros.

3.  After he stopped playing professionally, he worked part time for Hardball Baseball Academy. He stopped working there in 2018.

4.  I attended Lamar University where I also played baseball and I had many great baseball coaches over the years, not including my father.

5.  In 2013, I started with Hardball Baseball Academy as a baseball coach. Following my father's legacy and all of his training, I also wanted to coach after I finished playing baseball. I am not only skilled in baseball naturally and through extensive, lifelong training, it is also my passion and my calling. I absolutely love working with kids and young adults to help them improve their

Copy from re:SearchTX

game.

6.      When I was told by Mr. Beard that I had to sign those documents to keep my job, I went along with it, but was never provided any additional "consideration" as he has claimed.

7.      I am the one who brought the needed skillset to the Academy. I am the one who developed all of the training curriculum for my students and was never once trained by Richie Beard or anyone else at Hardball with any proprietary training methods or shown techniques I had already seen taught by many other coaches all over Texas. Hardball did not bring anything new to the table, so to speak.

8.      I used my own methodology of training; no methodology of Hardball was ever given or taught to me.

9.      I also developed my own dedicated client base using my own personal social media accounts. I have only been provided a handful of clients through the Academy or from Mr. Beard over the years, as my schedule permitted. My own, self-sourced clients filled my schedule entirely due to my personal reputation, word-of-mouth, and social media accounts.

10.     I do not possess any confidential documents or information that belonged to Hardball. In fact, the pricing for Hardball Baseball Academy is posted on their website for the world to see.

11.     Ultimately, I left Hardball because Mr. Beard did not honor his commitments and promises to me. I was not paid for tryouts. He simply made up what he wanted to pay me for tournaments and extensive travel. There were weekends where I would be forced to travel hundreds of miles for tournaments and was not compensated fairly for my time, effort, and expertise. I was not paid for my gas mileage on these longer trips, given any stipends for food, and was not given any benefits whatsoever—even though I was promised I would get benefits.

12.     Also, there would be times where clients would complain about the lack of quality of the

Copy from re:SearchTX

Doc ID: dc36acf3af701c059b11a6ab0f971c17ff98a60d

facility at Hardball Baseball Academy that was dirty and lacked proper safety protocols and equipment, such as screen nets that protect others from getting hit by high-speed baseballs. I, myself, was struck in the face by a ball because of the poor netting, I was lucky I was not seriously injured. The client I have had over the years came to see me for my quality of teaching, despite the lack of quality of the facility I happened to work in.

13.  As a single dad who has sole custody of his son, I could not afford to take care of my son and keep working there.

14.  Last year, I was only paid around $38,000.00. I was not paid for any overtime for the hours I worked over the weekends last year, and some years I would clock in over 340 days.

15.  I personally read each statement in Defendant's Original Answer and the facts stated therein are true and correct.

16.  My date of birth is August 7, 1989.

Further declarant sayeth not."

SIGNED on 02 / 14 / 2022 _____, 2022.

*Cameron Johnson*
_____
Cameron Johnson

Copy from re:SearchTX

Doc ID: dc36acf3af701c059b11a6ab0f971c17ff98a60d

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 2022.02.14 Cameron Johnson Declaration.pdf |
| **FILE NAME** | 2022.02.14%20Came...20Declaration.pdf |
| **DOCUMENT ID** | dc36acf3af701c059b11a6ab0f971c17ff98a60d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| **SENT** | **02 / 15 / 2022**<br>03:58:11 UTC | Sent for signature to Cameron Trent Johnson (olliesdad2016@outlook.com) from jwalters@kmd.law<br>IP: 64.92.18.117 |
| **VIEWED** | **02 / 15 / 2022**<br>04:03:12 UTC | Viewed by Cameron Trent Johnson (olliesdad2016@outlook.com)<br>IP: 70.241.118.50 |
| **SIGNED** | **02 / 15 / 2022**<br>04:07:19 UTC | Signed by Cameron Trent Johnson (olliesdad2016@outlook.com)<br>IP: 70.241.118.50 |
| **COMPLETED** | **02 / 15 / 2022**<br>04:07:19 UTC | The document has been completed. |

Copy from re:SearchTX

# Exhibit 2

Copy from re:SearchTX

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAMERON JOHNSON | § | |
| | § | |
| *Defendant.* | § | 61ST JUDICIAL DISTRICT |

## UNSWORN DECLERATION OF RICHARD JOHNSON

"My name is Richard Johnson. I am more than eighteen years of age, of sound mind, and fully competent to make this declaration. My address is 818 Kentucky Street, Deer Park, Texas 77536. I have personal knowledge of the matters set forth below and they are true and correct under penalty of perjury and based on my own personal knowledge.

1.    I am Cameron Johnson's father. I am a graduate of Sam Houston State University with a B.S. in Chemistry and a minor in Mathematics, 4-year lettermen in baseball and 2003 Hall of Honor inductee in Athletics.

2.    I was drafted by the Houston Astros in 1985 and played three and a half years of professional baseball and advancing to the AA level.

3.    I personally coached Cameron until he reached high school, where I transitioned into a role of consultant and mentor for him.

4.    Cameron's base knowledge of baseball came from years and years of getting coached and traveling across the state of Texas playing high school select baseball.

5.    Playing under the tutelage of Curt Blount, who was a former assistant at the University of Houston prior to coaching the Houston Indians, also helped mold him into the instructor he later became—before starting at Hardball Baseball Academy.

Copy from re:SearchTX

Doc ID: fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c

6.     His high school team coach, Sean Wood, also had a major influence on my son.

7.     Cameron and I, to this day, still debate hitting mechanics, style, and the overall approach to be a sound hitter, how no two accomplished hitters are exactly the same, and trade many social media discussions on how completely different body types get the job done in different ways. All this is part of his development of his coaching techniques and methods.

8.     His instructing style and knowledge has become his own and he has become very good at it.

9.     I attend some of his select team games and personally see how respected he is by his students and their parents and how he has developed very close relationships with a great many of them.

10.    Like my son, I worked at Hardball Baseball Academy from the early 2000's until 2018. I left due to a work project where I was away from home for a few weeks per month.

11.    I gave instruction as the Dickinson location and conducted lessons based on my own knowledge and experience and structured my lessons based on what my eyes told me that the student needed—and no instruction was provided to me by the Academy. I was the professional hired for my experience, not the other way around.

12.    Any trainings that were conducted by the Academy to the instructors were generic and was nothing any of the instructors had not already seen elsewhere.

13.    Hardball Academy also provided me with little to no clients. The students that Hardball sometimes provided, while rare, were older, more experienced ones where my professional player history played a role. However, the vast majority of my lessons were by word-of-mouth referrals due to the success my students were having.

14.    When I left in 2018, most of my students wanted to transfer to my son Cameron because

Copy from re:SearchTX

we were often teaching at the same time and taught in a similar, you could say "Johnson Family" style by stressing athleticism and being able to convey and tailor techniques in multiple ways to fit our many different students.

15.     During my time at Hardball, Richie Beard was seldom at the Dickinson facility. The only time I would see Mr. Beard was either at clinics or our yearly meetings where we would discuss the timing for submission of the instructors' monthly invoices and entering our monthly lesson schedule, as well as summer teams planning. The meetings focused on typical administrative tasks as every business does, not the actual game of baseball and its instruction.

16.     I do not remember a time when Hardball Baseball Academy provided any instructor with any tangible knowledge of the game of baseball or how to teach it—and certainly not with myself or my son Cameron.

17.     My date of birth is February 7, 1963.

Further declarant sayeth not."

SIGNED on  02 / 14 / 2022 _____, 2022.

_Richard Johnson_

_____
Richard Johnson

Copy from re:SearchTX

Doc ID: fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c

  Audit Trail

| | |
|---|---|
| **TITLE** | 2022.02.14 Richard Johnson Declaration.pdf |
| **FILE NAME** | 2022.02.14%20Rich...20Declaration.pdf |
| **DOCUMENT ID** | fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

**This document was requested from app.clio.com**

## Document History

**SENT**
**02 / 15 / 2022**
04:04:10 UTC

Sent for signature to Richard Johnson
(richard.johnson@lubrizol.com) from jwalters@kmd.law
IP: 64.92.18.117

**VIEWED**
**02 / 15 / 2022**
04:04:43 UTC

Viewed by Richard Johnson (richard.johnson@lubrizol.com)
IP: 34.99.113.217

**SIGNED**
**02 / 15 / 2022**
04:05:57 UTC

Signed by Richard Johnson (richard.johnson@lubrizol.com)
IP: 34.99.113.217

**COMPLETED**
**02 / 15 / 2022**
04:05:57 UTC

The document has been completed.

Powered by **HELLOSIGN**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamison Walters on behalf of Jamison Walters
Bar No. 24098573
jwalters@kmd.law
Envelope ID: 61740903
Status as of 2/15/2022 8:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 2/14/2022 10:36:53 PM | SENT |
| Deborah Crain | 24067319 | dcrain@KMD.law | 2/14/2022 10:36:53 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 2/14/2022 10:36:53 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 2/14/2022 10:36:53 PM | SENT |

Filed 22 February 15 P12:20
Marilyn Burgess - District Clerk
Harris County

Cause No. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| JOHNSON, CAMERON | § | 061st JUDICIAL DISTRICT |

---

### ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

---

On this day came on to be heard Plaintiff's Application for a Temporary Restraining Order.  After having reviewed the motions, responses and arguments of the parties, the Court finds that Plaintiff's Application for Temporary Restraining Order should be denied.  It is therefore,

ORDERED, that Plaintiff's Application for a Temporary Restraining Order is **Denied**.

Plaintiff presented an Application for Temporary Injunction.  It is ordered that the clerk of this court issue notice to Defendants to appear before the **061st** Judicial District Court, in the Civil Courts Building, 201 Caroline, Houston, Harris County, Texas, on **February 24, 2022** at **1:00pm** to show cause why Plaintiff should not be granted a temporary injunction, as set out in the application, pending final determination of this cause on its merits.

Signed February 15, 2022.

Ancillary Judge

3/1/2022 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62197469
By: Tiffany Jefferson
Filed: 3/1/2022 4:02 PM

**CASE NO. 2022-08824**

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY LLC,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **CAMERON JOHNSON,** | § § | |
| **Defendant.** | § § | **61st JUDICIAL DISTRICT** |

## <u>AGREED ORDER FOR HEARING</u>

Plaintiff's Application for Temporary Injunction is set for hearing and Defendant shall appear on April 7, 2022, at 1:00 p.m. in the 61st District Court of Harris County, Texas, to show cause, if there be any, why a Temporary Injunction should not be issued as requested by Plaintiff.

SIGNED on March _____ , 2022.


_____
JUDGE PRESIDING

4877-2193-6402.1

Copy from re:SearchTX

AGREED AND REQUESTED
FOR ENTRY BY


_/s/ Jay Aldis_
Jay Aldis
Gray Reed & McGraw
State Bar No. 00785656

Attorneys for Plaintiff



AGREED AS TO FORM


_/s/ Deborah L. Crain_
Deborah L. Crain
Kearney, McWilliams & Davis, PLLC
State Bar No. 24067319

Attorneys for Defendant

4877-2193-6402.1

Copy from re:SearchTX

### Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maud Hage on behalf of Jay Ronald Aldis
Bar No. 785656
mhage@grayreed.com
Envelope ID: 62197469
Status as of 3/1/2022 4:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deborah Crain | 24067319 | dcrain@KMD.law | 3/1/2022 4:02:36 PM | SENT |
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 3/1/2022 4:02:36 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 3/1/2022 4:02:36 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 3/1/2022 4:02:36 PM | SENT |

Copy from re:SearchTX

3/1/2022 4:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62197469
By: Tiffany Jefferson
Filed: 3/1/2022 4:02 PM

**CASE NO. 2022-08824**

*p2*
*Caso*

| HARDBALL BASEBALL ACADEMY LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| CAMERON JOHNSON, | § | |
| | § | |
| Defendant. | § | 61st JUDICIAL DISTRICT |

## AGREED ORDER FOR HEARING

Plaintiff's Application for Temporary Injunction is set for hearing and Defendant shall appear on April 7, 2022, at 1:00 ~~30~~ p.m. in the 61st District Court of Harris County, Texas, to show cause, if there be any, why a Temporary Injunction should not be issued as requested by Plaintiff.

SIGNED on March **MAR 0 3 2022**_____, 2022.

_Frederieka Phillips_
JUDGE PRESIDING

4877-2193-6402.1

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

AGREED AND REQUESTED
FOR ENTRY BY


_____ */s/ Jay Aldis* _____
Jay Aldis
Gray Reed & McGraw
State Bar No. 00785656

Attorneys for Plaintiff



AGREED AS TO FORM


_____ */s/ Deborah L. Crain* _____
Deborah L. Crain
Kearney, McWilliams & Davis, PLLC
State Bar No. 24067319

Attorneys for Defendant

2

4877-2193-6402.1

Case No. 202208824                                                    **DCORX**

HARDBALL BASEBALL ACADEMY LLC          *          IN THE DISTRICT COURT OF

vs.                                    *          HARRIS COUNTY, TEXAS

JOHNSON, CAMERON                       *          61st JUDICIAL DISTRICT
                                       *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/9/2022**      **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**      **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/10/2022**      Experts for parties seeking affirmative relief.
**(b) 11/9/2022**      All other experts.

**3.**      **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/6/2023**      **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**      **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/6/2023**      No-evidence motions for summary judgment may only be heard after this date.
**(b)**      All dispositive motions or pleas must be heard.

**6.**      **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/6/2023**      **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**      **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 2/6/2023**      **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

DEBORAH LOUISE CRAIN                                    **FREDERICKA PHILLIPS**
55 WAUGH #150                    24067319              **JUDGE, 61ST DISTRICT COURT**
HOUSTON, TX 77007                                      **Date Generated: 3/7/2022**          JCVO02

Case No. 202208824

**DCORX**

HARDBALL BASEBALL ACADEMY LLC

vs.

JOHNSON, CAMERON

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

61st JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 9/9/2022**     **JOINDER**. All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**     **EXPERT WITNESS DESIGNATION**. Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 10/10/2022**     Experts for parties seeking affirmative relief.
**(b) 11/9/2022**     All other experts.

**3.**     **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/6/2023**     **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/6/2023**     No-evidence motions for summary judgment may only be heard after this date.
**(b)**     All dispositive motions or pleas must be heard.

**6.**     **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/6/2023**     **PLEADINGS**. Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 2/6/2023**     **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JAY RONALD ALDIS
711 LOUISIANA STREET, SUITE 2300
HOUSTON, TX 77002

00785656

**FREDERICKA PHILLIPS**
**JUDGE, 61ST DISTRICT COURT**
**Date Generated: 3/7/2022**

JCVO02

3/17/2022 2:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62707689
By: Brenda Espinoza
Filed: 3/17/2022 2:01 PM

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY, LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| V. | § § | 61ST JUDICIAL DISTRICT |
| CAMERON JOHNSON, | § § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## CERTIFICATE OF WRITTEN DISCOVERY

Defendant Cameron Johnson files this Certificate of Written Discovery in the above-entitled and numbered cause directed to Plaintiff Hardball Baseball Academy, LLC pursuant to the applicable local rule and states that the discovery set forth below was served on March 12, 2022 as follows:

**1) Defendant's First Request for Production.**

Copy from re:SearchTX

Respectfully submitted,

KEARNEY, MCWILLIAMS & DAVIS, PLLC

*/s Jamison B. Walters*

Deborah L. Crain
Bar Card No.: 24067319
dcrain@kmd.law
Jamison B. Walters
SBN: 24098573
jwalters@kmd.law
55 Waugh Drive, #150
Houston, Texas 77007
(713) 936-9620
**Attorneys for Defendant**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was served on March 17, 2022 2022-08824 in accordance with the Texas Rules of Civil Procedure upon the following:

***Via E-service***
Jay Aldis
Gray Reed
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77065

*/s/ Jamison B. Walters*
Jamison B. Walters

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Frizzell on behalf of Jamison Walters
Bar No. 24098573
sfrizzell@kmd.law
Envelope ID: 62707689
Status as of 3/17/2022 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deborah Crain | 24067319 | dcrain@KMD.law | 3/17/2022 2:01:29 PM | SENT |
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 3/17/2022 2:01:29 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 3/17/2022 2:01:29 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 3/17/2022 2:01:29 PM | SENT |

Copy from re:SearchTX

4/1/2022 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63191951
By: Brenda Espinoza
Filed: 4/1/2022 2:36 PM

## CASE NO. 2022-08824

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **CAMERON JOHNSON,** | § | |
| | § | |
| **Defendant.** | § | **61st JUDICIAL DISTRICT** |

## <u>AGREED ORDER FOR HEARING</u>

Plaintiff's Application for Temporary Injunction is set for hearing and Defendant shall appear on April 21, 2022, at 1:30 p.m., in the 61st District Court of Harris County, Texas, to show cause, if there be any, why a Temporary Injunction should not be issued as requested by Plaintiff.

SIGNED on April _____ , 2022.

_____
JUDGE PRESIDING

AGREED AND REQUESTED
FOR ENTRY BY


_____/s/ Jay Aldis_____
Jay Aldis
Gray Reed & McGraw
State Bar No. 00785656

Attorneys for Plaintiff




AGREED AS TO FORM



_____/s/ Deborah L. Crain_____
Deborah L. Crain
Kearney, McWilliams & Davis, PLLC
State Bar No. 24067319

Attorneys for Defendant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maud Hage on behalf of Jay Ronald Aldis
Bar No. 785656
mhage@grayreed.com
Envelope ID: 63191951
Status as of 4/1/2022 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Deborah Crain | 24067319 | dcrain@KMD.law | 4/1/2022 2:36:02 PM | SENT |
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 4/1/2022 2:36:02 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 4/1/2022 2:36:02 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 4/1/2022 2:36:02 PM | SENT |

4/7/2022 1:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63364272
By: Lisa Thomas
Filed: 4/7/2022 1:03 PM

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL | § | IN THE DISTRICT COURT OF |
| ACADEMY, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAMERON JOHNSON, | § | |
| *Defendant.* | § | 61ST JUDICIAL DISTRICT |

## FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMEs NOW, Defendant Cameron Johnson ("Mr. Johnson" or "Defendant") in the above-styled and numbered cause of action and files this First Amended Answer and Counterclaims against Plaintiff Hardball Baseball Academy LLC's ("Hardball" or "Plaintiff") Original Petition. For good cause, and in support of same, Defendant would respectfully show this Honorable Court as follows:

### I
### GENERAL DENIAL

1.   Defendant hereby asserts a general denial under Rule 92 of the Texas Rules of Civil Procedure, denies each and every allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

2.   Defendant attaches the following exhibits in support of said General Denial:

    A.   Declaration of Cameron Johnson (Exhibit 1); and,

    B.   Declaration of Richard Johnson. (Exhibit 2).

### II
### AFFIRMATIVE DEFENSES

3.   Defendant hereby asserts the following affirmative defenses:

Copy from re:SearchTX

> **A.** The Employment Agreement Fails for Lack of Consideration and is Unconscionable.

4.      Plaintiff is not entitled to the injunctive relief demanded in the Petition, as Plaintiff has come to court with unclean hands.  Specifically, Plaintiff has failed to honor several contractual obligations made by Plaintiff within the Employment Agreement.  Specifically, while the Employment Agreement attempts to bind Defendant to providing significant services on Plaintiff's behalf, the only recited compensation for Defendant's performance within the Employment Agreement is recited as "some employment benefits" and not defined further therein.  There is no mention of any other compensation, monetary or otherwise, within the Employment Agreement that serves as consideration for the several covenants attributable to Defendant within same.

5.      A contract must be based on valid consideration, that is mutuality of obligation, and a contract lacking consideration is unenforceable. *Plains Builder, Inc. v. Steel Source, Inc*. 408 S.W.3d 596 (Tex.App –Amarillo 2013, no pet.).  Notably, Defendant began working for Plaintiff in 2013, although the contracts now sued upon by Plaintiff were not promulgated until 2020.  During that time, as averred by Defendant, Plaintiff failed to provide any of form of "some employment benefits" to Defendant and, in fact, had no set structure of monetary compensation to be paid to Defendant for his services.  Rather, Defendant was paid at Plaintiff's leisure and discretion, and said pay was neither fair nor reasonable considering the approximately three hundred forty (340) days per year that Defendant provided services on Defendant's behalf.

6.      Still further, Plaintiff continuously failed to provide a clean, safe, and properly maintained facility where Defendant could perform his services appropriately.  Given that Plaintiff purports to operate a high-caliber athletics training facility, the risk of injury is omnipresent yet despite Plaintiff's insistence, Defendant refused and ignored the basic safety and security of both

Copy from re:SearchTX

Defendant, Plaintiff's other employee and personnel, and all patrons of Plaintiff's facility.  Thus, Plaintiff demanded Defendant's performance and adherence to restrictive covenants that were not the result of a negotiated business relationship, but merely the unilateral whims of Plaintiff.

7.   Perhaps unsurprisingly, Plaintiff now seeks to enforce an unenforceable Employment Agreement that only recites conditions applicable to Defendant rather than the mutual obligations that are common in any contract between an employer and employee.  Only the sheer love of the services themselves served as the impetus for Defendant's relentless performance, and now Plaintiff seeks to bar Defendant from plying Defendant's trade through the false protection of spurious employment covenants.  Defendant has established himself as an authority figure in the baseball community and coaching industry, where he has found and managed his own clients independently, all of which Plaintiff was forced to do on account of Plaintiff's failure to ever provide any lawful consideration in exchange of Plaintiff's services.

8.   An indefinite contract results when a material or essential term, a term a party 'would reasonably regard as [a] vitally important element of their bargain,' is missing at the time the contract was formed." *Id.*, quoting *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995).  In this instance, any compensation serving as consideration for Defendant's performance was totally absent from the Employment Agreement at its inception.  As the Employment Agreement is illusory without stated consideration, it if unenforceable against Defendant.

9.   Temporarily suspending argument regarding the lack of consideration within the Employment Agreement, the non-compete provision contained within same (which relates to the separate Non-Compete Agreement discussed below) is unconscionable as written.  Specifically, the scope in time of the non-compete agreement is three (3) years and its geographic scope is *thirty (30) miles of any current or future location*.

---

Matter No. 55106-1                                                                                    **3** | Page

Copy from re:SearchTX

10.   Non-compete provisions are only enforceable when they are reasonably constrained in time, scope, and restricted activities which neither impose an unnecessary restrain to protect the enforcer's goodwill or legitimate business interests.  TEX. BUS. COM. CODE §15.50(A).  Indeed, valid non-compete provisions facilitates economic competition and is not to be a mere naked restraint on trade.  TEX. BUS. COM. CODE §15.04.

11.   Here, Plaintiff seeks to enforce a non-compete provision which extends far beyond any reasonable restraint on protecting Plaintiff's business or goodwill.  Plaintiff instead seeks to merely prevent Defendant from ever operating within the baseball coaching industry practically anywhere within the area of Houston, one of the largest commercial centers in the United States.  Baseball coaching is a busy industry in Houston and the surrounding communities but although Plaintiff has an interest in protecting its business, the time and geographic scopes within the non-compete provision are not reasonable.  Texas courts routinely uphold scopes in time of two (2) years or less and geographic scopes much smaller than thirty (30) miles given the amount of industry regionally present.

12.   The instant non-compete provision neither facilitates competition nor serves to provide Defendant with any reasonable prospect of employment within the industry, rendering the non-compete provision unconscionable and unenforceable.  In turn, any claim of injunctive relief by Plaintiff must be strictly denied.

**B.** The Non-Compete Agreement Fails for Lack of Consideration and is Unconscionable.

13.   Plaintiff's current attempt to enforce the separate Non-Compete Agreement against Defendant must fail for the same reasons that the Employment Agreement fails, as well as for certain other reasons.  The Non-Compete Agreement similarly lacks consideration and is also

Copy from re:SearchTX

unconscionable, but is further not part of an enforceable ancillary agreement as required for its legitimacy.

14.   A non-compete covenant in an ancillary or other enforceable agreement is enforceable when it contains reasonable limitations on time, scope, and restricted activities which cannot impose an unnecessary restraint to protect a business's good will or its interests subject to the covenant.  TEX. BUS. COM. CODE §15.50(A).  In the two-step threshold inquiry to determine if a convent not to compete is enforceable under the Covenants Not to Compete Act, a court determines whether there is an "otherwise enforceable agreement" between the parties, and, if so, the court determines whether the covenant is "ancillary to or part of" that agreement.  *Marsh United States, Inc. v. Cook*, 354 S.W.3d 764 (Tex. 2010).  The "otherwise enforceable agreement" requirement is satisfied when the covenant is part of an agreement that contained mutual non-illusory promises.  Id.

15.   The Non-Compete Agreement is an entirely separate agreement promulgated by Plaintiff for which no additional consideration can be identified, as is required to make it enforceable, and thus cannot be enforced from a standalone promise by an employee.  "[A] covenant cannot be a stand-alone promise from the employee lacking any new consideration from the employer."  *Wharton Physician Servs., P.A. v. Signature Gulf Coast Hosp., L.P.*, 2016 Tex. App. LEXIS 348.

16.   As with the Employment Agreement, no compensation, promises, benefits, or any other promises are recited by Plaintiff within the Non-Compete Agreement that would remotely serve as the required consideration for same.  The Non-Compete Agreement is unilateral in nature, written entirely to Plaintiff's benefit, and only requires that Plaintiff execute same as Plaintiff's single obligation.  Every restrictive covenant contained within same falls squarely upon Defendant.

Copy from re:SearchTX

17.     An employer's promise is not sufficient consideration to give rise to an interest worthy of protection by a covenant not to compete, and thus, such a covenant is not ancillary to the agreement required to enforce the covenant. See *Strickland v. Medtronic, Inc.* 97 S.W.3d 835 (Tex. App. –Dallas 2003, pet. denied.).  As previously discussed, the Employment Agreement fails for lack of consideration and unconscionability.  This lack of consideration further renders the instant Non-Compete Agreement as not ancillary to the Employment Agreement, as Plaintiff's promises to provide "some employment benefits," without further specification, constitutes the very type of illusory promise insufficient to serve as appropriate consideration.

18.     The Non-Compete Agreement further fails as the time and geographic scopes recited within same are unconscionable.  Because Plaintiff maintains at least two (2) business locations that are within thirty (30) miles from one another, the effect of the thirty (30) mile geographic scoped recited within the Non-Compete Agreement is that it doubles to an effective sixty (60) mile restriction that is well beyond what is reasonable to protect the goodwill or other business interests of the Plaintiff.  This attempt to shut Defendant out of Defendant's established industry is blatantly unconscionable and renders the Non-Compete Agreement unenforceable.

19.     Plaintiff's attempt to bar Defendant from participation in the coaching industry for three (3) years is also in excess of what is permissible under Texas law, the standard being no more than two (2) years.  This fails as a matter of law under the laws of the State of Texas. *Marsh v. Cook*, 354 S.W.3d 764.

20.     Given the defective nature of the Employment Agreement and the Non-Compete Agreement for failure of consideration, the unconscionability of the terms therein, the failure of Plaintiff to provide appropriate verification of said consideration, the claims laid forth by Plaintiff are insufficient to recover and Defendant should be discharged from any liability therefrom.

Copy from re:SearchTX

**C.** Plaintiff Has Not Misappropriated Trade Secrets Belonging to Plaintiff and Has Not Violated Texas Uniform Trade Secrets Act.

21.    Plaintiff has no "trade secrets" pursuant to the Texas Uniform Trade Secrets Act ("TUFTA") that are protectable and the plaintiff independently developed the programs and classes that he offered.

22.    A "trade secret" means "all forms and types of information, including business…technical, economic…plan, compilation, program device, program, code, device, method, technique, process, procedure, financial data, or list of actual or potential customers or suppliers, whether tangible or intangible and whether or how stored, compiled, or memorialized…", TEX. CIV. PRAC. REM. CODE §134A.002(6).

23.    The qualifying language of the statute goes further, stating that any such material shall only be counted as a trade secret where (a) "the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret" and (b) "the information devices independent economic value, actual or potential, from being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure of use of the information." Id.

24.    Plaintiff accuses Defendant of violating TUFTA without any specification as to which trade secrets were misappropriated, by what method Defendant supposedly misappropriated them, and how Johnson leaving Plaintiff's employment has set forth any direct or proximate injury to Plaintiff.  This allegation falls flat for want of specificity.

25.    Here, Plaintiff has taken no steps to secure any of his property which might constitute under the law a trade secret. No trainings were provided to the Defendant regarding the safe keeping of such and no security measures are in place to safeguard any property that could come

Copy from re:SearchTX

into Defendant's possession.  The methods by which Defendant instructed his students were entirely of his own making, and nothing that was taught to him by Plaintiff at the beginning of his tenure with Plaintiff was previously unknown to him or is uncommon in the baseball coaching industry.  In fact, if there are trade secrets to have been misappropriated at all in this dispute, they are the trade secrets of Defendant that may have been pilfered by Plaintiff during his several years of employment.  Defendant spent the entirety of his employment with Plaintiff coaching at a facility separate from the main facility where the Plaintiff is effectively headquartered.

26.     Apart from a select few clients, in the near decade where Defendant worked for Plaintiff nearly all clients receiving Defendant's services were procured, and later coached, by Defendant independently of Plaintiff.  No guidance was provided to Defendant by Plaintiff for how to secure clients, no leads came forth from Plaintiff to assist Defendant in performing his services, and often the threat of termination loomed over Defendant should he fail to secure more clients of his own accord.  Plaintiff's trade secret claims against Defendant are meritless and should be dismissed out of hand.

27.     Defendant worked for Plaintiff for over nine (9) years, beginning in 2013 following Defendant's graduation from college.  Defendant specifically worked as a coach for Plaintiff's baseball academy business.  Relegated to the lesser of Plaintiff's two (2) facilities, Defendant has been subjected to operating with rundown security equipment, risking injury to both himself and to his players as the bulk of all improvements that Plaintiff employed were to the other facility where Defendant was not allowed to perform his coaching services.

28.     Importantly, Defendant brought all of the expertise, training, and knowledge necessary to perform all his employment services on behalf of Plaintiff by virtue of Defendant's prior playing experience as an elite collegiate baseball player.  Plaintiff provided neither training nor instruction

Copy from re:SearchTX

of any kind in directing Defendant's performance of his coaching services.  Neither did Plaintiff share any confidential or proprietary information with Defendant pertaining to Plaintiff's business operations.  This is mainly because most, if not all, of the information related to Plaintiff's operations are easily available online through Plaintiff's website and social media accounts. Plaintiff's digital presence provides the general public with detailed information on the pricing, hours, facilities, and training and coaching services available through Plaintiff.  Thus, not only has Defendant not misappropriated any trade secrets of Plaintiff, but Plaintiff maintains no such trade secrets to misappropriate.

29.    For nearly the entirety of Defendant's employment with Plaintiff, Defendant has worked upwards of three hundred forty (340) days every calendar year, constituting enumerable hours of overtime and services performed during weekends and holidays.  During Defendant's tenure, is compensation has never been specifically set or established, either by written contract or otherwise. Plaintiff payroll practice with Defendant appears at all relevant times to have been one of absolute discretion, unsupported estimated, and pure whimsy.  Even the written Employment Agreement that Plaintiff now seeks to enforce (notably coming seven (7) years after Defendant began employment with Plaintiff) has no recitation of compensation beyond the vague and undefined phrase of "some employment benefits."  To date, no articulable reason has been provided by Plaintiff to explain the poor treatment to which Defendant has been repeatedly subjected.

30.    In what is likely several violations of relevant tax law, Defendant was paid every year by Plaintiff as if Defendant were a 1099 contractor, despite the fact that Plaintiff sought to control several aspects of Defendant's performance of his employment services.  The Employment Agreement Plaintiff now seeks to enforce clearly indicates that Defendant is the employee of Plaintiff.  However, Defendant, despite working upwards of three hundred forty (340) days per

Copy from re:SearchTX

calendar year, has never been paid any overtime, has been provided no employment benefits, and has received no compensation of any kind toward Defendant's employment-related costs and expenses.  Given that Defendant's employment necessarily requires travelling with Defendant's baseball teams, these costs and expenses are considerable.

31.    In fact, Plaintiff continued to expand the expectations placed upon the shoulders of Defendant during his employment, including travelling hundreds of miles in a single weekend for scouting and other coaching related events and working most days of the week while never being fairly compensated for his time.  This occurs simultaneously with Defendant raising a young son as a single father.  Thus, when Plaintiff approached Defendant with the Employment Agreement and Non-Compete Agreement it now seeks to enforce in 2020, Plaintiff was fully aware that Defendant had little choice other than submit to Plaintiff's incredulous demands.

32.    In 2021, just prior to Defendant's departure from his employment with Plaintiff, Defendant was struck in the face by a baseball during the course of regular practice.  Despite having voiced his concerns regarding the dilapidated netting (and other security equipment) that acts as a buffer between the pitcher and the practicing batter, Defendant was repeatedly rebuffed by Plaintiff regarding making the obviously necessary repairs.  Defendant, ever vigilant as an employee and coach, did his best to continue performed his employment services despite being.  In fact, Defendant was regularly commanded to come in early to fix such equipment himself (despite not maintaining that professional specialty) and was given absolutely no reimbursement or compensation of any kind for the time, costs, labor, or materials necessary for Defendant to make such repairs.

33.    Defendant has now moved on to teach and coach elsewhere, but does so strictly through the exact methods that were exclusively created, learned, and used by Defendant outside of his

Copy from re:SearchTX

employment with Plaintiff.  Not only has Defendant never used a trade secret or any measure of confidential or proprietary information belonging to Plaintiff as alleged in Plaintiff's Original Petition, but these supposed trade secrets simply do not exist.  Plaintiff did not create the practice methods learned through Defendant's lifetime of baseball participation, nor did Plaintiff develop any proprietary information that assisted Defendant during his tenure with Plaintiff or that Defendant could commercialize outside of that tenure.

34.    The only misappropriation that has occurred in this situation is Plaintiff's theft of Defendant's time and labor without legal justification or lawful consideration.  Plaintiff has committed a litany of legal violations through its unlawful employment practices toward Defendant for which Defendant has a lawful right or redress, recovery, and recompense.  In order to recover the significant damages Defendant suffered due to Plaintiff's wrongful actions, Defendant now brings the following counterclaims against Plaintiff.

### COUNTERCLAIMS RELATING TO VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

35.    Defendant's counterclaims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

36.    Plaintiff violated the FLSA by employing Defendant and other similarly situated non-exempt employees at a rate below minimum wage.  29 U.S.C. §206 (a)(1)(C).  Defendant also violated the FLSA by employing Plaintiff and other similarly situated non-exempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in

Copy from re:SearchTX

excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

37.     Plaintiff further violated the FLSA by failing to maintain accurate time and pay records for Defendant and other similarly situated non-exempt employees as required by 29 U.S.C. § 211(c) and C.F.R. pt. 516.

38.     Defendant re-alleges the allegations contained in the preceding paragraphs of this First Amended Answer and Original Counterclaims as if set forth verbatim herein.

39.     During Defendant's employment with Plaintiff, Defendant was a non-exempt employee. As a non-exempt employee, Plaintiff was legally obligated to pay Defendant for the hours he worked at minimum wage.  29 U.S.C. § 206(a)(1).  Plaintiff failed to pay Defendant for the hours he worked at the minimum wage.  Specifically, the wages (after considering the failure to set a specific wage and extending Defendant's working hours to drop any supposed hourly wage to an unlawful level) was less than the minimum wage in violation of 29 U.S.C. § 206(a)(1).

40.     If Plaintiff classified Defendant as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses Plaintiff's non-compliance with the minimum wage requirements of the FLSA.

41.     Plaintiff knew or showed a reckless disregard for whether Plaintiff's pay practices violated the minimum wage requirements of the FLSA, and thereby willfully violated the minimum wage requirement of the FLSA.

### Failure to Pay Overtime

42.     Defendant re-alleges the allegations contained in the preceding paragraphs of this First Amended Answer and Original Counterclaims as if set forth verbatim herein.

43.     During Defendant's employment with Plaintiff, Defendant was a non-exempt employee. As a non-exempt employee, Plaintiff was legally obligated to pay Defendant "at a rate not less

Copy from re:SearchTX

than one and one-half times the regular rate at which [Defendant was] employed" for the hours that Defendant worked in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). Plaintiff did not pay Defendant overtime for the hours Defendant worked in excess of forty (40) hours per week as required by 29 U.S.C. § 207(a)(1).

44.    Instead, Plaintiff either did not pay Defendant for all the hours Defendant worked and/or manipulated Defendant's wages to reflect fewer hours than Defendant actually worked, resulting in Defendant being paid at less than one and one-half times Defendant's regular rate for the hours Defendant worked in excess of forty (40) hours per week.

45.    If Plaintiff classified Defendant as exempt from the overtime requirements of the FLSA, Defendant was misclassified because no exemption excuses Plaintiff's non-compliance with the overtime requirements of the FLSA.

46.    Plaintiff knew or showed a reckless disregard for whether Plaintiff's pay practices violated the overtime requirements of the FLSA, and thereby willfully violated the overtime requirements of the FLSA.C.

### Failure to Maintain Accurate Records

47.    Defendant re-alleges the allegations contained in the preceding paragraphs of this First Amended Answer and Original Counterclaims as if set forth verbatim herein.

48.    The FLSA requires employers to keep accurate records of hours worked by their employees and the waged paid to their non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516. In addition to the pay violation of the FLSA described in the preceding paragraphs, Plaintiff further failed to keep proper records of the hours worked by Defendant and the waged paid to Defendant as required by the FLSA.

Copy from re:SearchTX

### C O L L E C T I V E   A C T I O N   A L L E G A T I O N S

49.     Defendant re-alleges the allegations contained in the preceding paragraphs of this First Amended Answer and Original Counterclaims as if set forth verbatim herein.

50.     On information and belief, other employees have been victimized by Plaintiff's violations of the FLSA as described above. These other employees are similarly situated to Defendant because, during the relevant time period, they were in the same or similar position, were compensated in the same or similar manner, were subject to the same pay practice or policy of Plaintiff, and were denied all their regular wages and overtime wages at one and one-half times their regular wages for all hours worked in excess of forty (40) hours per week.

51.     Plaintiff's policy or practice of failing to pay the entirety of its employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.  Since, on information and belief, Defendant's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

52.     All employees of Plaintiff, regardless of their individual rates of pay, who were not paid at the minimum wage for all hours worked and/or at a rate not less than one and one-half times the regular wages at which they were employed for hours worked in excess of forty (40) per week are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

**All hourly employees who worked for Plaintiff within the last nine (9) years.**

53.     Plaintiff is liable to Defendant and the members of the putative class for the difference between what Plaintiff actually paid them and what Plaintiff was legally obligated to pay them. Because Plaintiff knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Plaintiff owes Defendant and the member of the putative class their unpaid overtime

Copy from re:SearchTX

wages for at least the last nine (9) years. Plaintiff is liable to Defendant and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages. Plaintiff is liable to Defendant and the members of the putative class for their reasonable attorney's fees and costs.

54.     Defendant has retained counsel well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of Defendant and all other putative class members.

### D E C L A R A T O R Y   J U D G E M E N T

(Unrelated to the Fair Labor Standards Act)

55.     Defendant re-alleges the allegations contained in the preceding paragraphs of this First Amended Answer and Original Counterclaims by reference as if set forth verbatim herein:

56.     Pursuant to TEX. CIV. PRAC. & REM. CODE §37.001, Defendant is entitled to a judicial declaration of rights, status, and other legal relations with respect to the Employment Agreement and Non-Compete Agreement, respectively, and any other agreements between Plaintiff and Defendant.

57.     The court should declare that:

    a.     The Employment Agreement is unenforceable as a matter of law and Defendant is not bound by the terms and provisions of same;

    b.     The Non-Compete Agreement is unenforceable for failure of consideration, unconscionability, and as a matter of law and Defendant is not bound by the terms and provisions of same;

    c.     Plaintiff owes and is bound to pay Defendant for substantial unpaid overtime over the course of nine (9) years, where Defendant regularly worked in

Copy from re:SearchTX

excess of forty (40) hours a week and was unfairly compensated in each and every pay period therein;

d.      Defendant has not stolen any proprietary and/or confidential information, intellectual property, or trade secrets of Plaintiff and Defendant's continuing to utilize the coaching techniques, tactics, and methods that were exclusively developed and exercised by Defendant does not infringe on the intellectual property rights of Plaintiff; and

e.      Plaintiff must cease all harassment of Defendant and not interfere with the business relations or the procurement of clients by Defendant outside of Plaintiff's business.

## VI
## CONDITIONS PRECEDENT

58.   All conditions precedent to Defendant's counterclaims against Plaintiff have been performed or have occurred.

59.   Defendant asks for a trial by jury to the extent permitted by law pursuant to Tex. R. Civ. P. § 216 and tenders herewith the required jury fee.

60.   Defendant seeks monetary and non-monetary relief in excess of Two Hundred Fifty Thousand and 00/100 dollars ($250,000.00) in damages as a result of the causes of action set forth herein.  The jury, however, may set a damage amount as they determine as the sole arbiter of the award for the egregious and outrageous conduct of Plaintiff.

61.   Defendant also asks for pre and post-judgment interest, court costs, and attorney's fees pursuant to Texas Civil Practice & Remedies Code section 38.001(8) and all other applicable law, including conditional awards in the event of new trial, or any appeals and, all other relief, special or general, at law or in equity, to which Defendant may show itself to be justly entitled.

Copy from re:SearchTX

62.   Defendant further seeks the declaratory relief contemplated and described herein.

**VII**
PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant and Counter-Plaintiff Cameron Johnson, prays that Plaintiff and Counter-Defendant Hardball Baseball Academy LLC's claims be dismissed in their entirety and that it take nothing by virtue of same, and that Defendant and Counter-Plaintiff be awarded all requested relief herein including costs of court, reasonable and necessary attorney's fees, and prejudgment and post-judgment interest.  Defendant and Counter-Plaintiff further respectfully requests all such other and further relief, special or general, at law or in equity, to which it may show itself to be justly entitled.

Respectfully,

KEARNEY MCWILLIAMS & DAVIS, PLLC

*/s/ Deborah L. Crain*
_____
Deborah L. Crain
State Bar No.: 24067319
dccrain@kmd.law
Bradley A. Nevills
State Bar No.: 24083561
bnevills@kmd.law
Jamison B. Walters
State Bar No.: 24098573
jwalters@kmd.law
55 Waugh Drive, #150
Houston, Texas 77007
Tel: (713) 936-9620
Fax: (281) 206-0481
***Counsel for Defendant Cameron Johnson***

Copy from re:SearchTX

CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was served on April 7, 2022 in accordance with the Texas Rules of Civil Procedure upon the following:

*Via E-service*:
Jay Aldis
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77065

*/s/ Deborah L. Crain*
Deborah L. Crain

]

Copy from re:SearchTX

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| CAMERON JOHNSON | § § | |
| *Defendant.* | § § | 61ST JUDICIAL DISTRICT |

### UNSWORN DECLERATION OF CAMERON JOHNSON

"My name is Cameron Johnson. I am more than eighteen years of age, of sound mind, and fully competent to make this declaration. My address is 444 East Medical Center Blvd., #1008, Webster, Texas 77598. I have personal knowledge of the matters set forth below and they are true and correct under penalty of perjury and based on my own personal knowledge."

1.    I am a baseball coach. I have played baseball my entire life, and the majority of what I have learned about the sport and how to teach others how to play comes from what my father, Richard Johnson, taught me.

2.    My father was a professional baseball player and played for the Houston, Astros.

3.    After he stopped playing professionally, he worked part time for Hardball Baseball Academy. He stopped working there in 2018.

4.    I attended Lamar University where I also played baseball and I had many great baseball coaches over the years, not including my father.

5.    In 2013, I started with Hardball Baseball Academy as a baseball coach. Following my father's legacy and all of his training, I also wanted to coach after I finished playing baseball. I am not only skilled in baseball naturally and through extensive, lifelong training, it is also my passion and my calling. I absolutely love working with kids and young adults to help them improve their

Copy from re:SearchTX

Doc ID: dc36acf3af701c059b11a6ab0f971c17ff98a60d

game.

6.     When I was told by Mr. Beard that I had to sign those documents to keep my job, I went along with it, but was never provided any additional "consideration" as he has claimed.

7.     I am the one who brought the needed skillset to the Academy. I am the one who developed all of the training curriculum for my students and was never once trained by Richie Beard or anyone else at Hardball with any proprietary training methods or shown techniques I had already seen taught by many other coaches all over Texas. Hardball did not bring anything new to the table, so to speak.

8.     I used my own methodology of training; no methodology of Hardball was ever given or taught to me.

9.     I also developed my own dedicated client base using my own personal social media accounts. I have only been provided a handful of clients through the Academy or from Mr. Beard over the years, as my schedule permitted. My own, self-sourced clients filled my schedule entirely due to my personal reputation, word-of-mouth, and social media accounts.

10.     I do not possess any confidential documents or information that belonged to Hardball. In fact, the pricing for Hardball Baseball Academy is posted on their website for the world to see.

11.     Ultimately, I left Hardball because Mr. Beard did not honor his commitments and promises to me. I was not paid for tryouts. He simply made up what he wanted to pay me for tournaments and extensive travel. There were weekends where I would be forced to travel hundreds of miles for tournaments and was not compensated fairly for my time, effort, and expertise. I was not paid for my gas mileage on these longer trips, given any stipends for food, and was not given any benefits whatsoever—even though I was promised I would get benefits.

12.     Also, there would be times where clients would complain about the lack of quality of the

Copy from re:SearchTX

Doc ID: dc36acf3af701c059b11a6ab0f971c17ff98a60d

facility at Hardball Baseball Academy that was dirty and lacked proper safety protocols and equipment, such as screen nets that protect others from getting hit by high-speed baseballs. I, myself, was struck in the face by a ball because of the poor netting, I was lucky I was not seriously injured. The client I have had over the years came to see me for my quality of teaching, despite the lack of quality of the facility I happened to work in.

13.   As a single dad who has sole custody of his son, I could not afford to take care of my son and keep working there.

14.   Last year, I was only paid around $38,000.00. I was not paid for any overtime for the hours I worked over the weekends last year, and some years I would clock in over 340 days.

15.   I personally read each statement in Defendant's Original Answer and the facts stated therein are true and correct.

16.   My date of birth is August 7, 1989.

Further declarant sayeth not."

SIGNED on  02 / 14 / 2022 , 2022.

*Cameron Johnson*
Cameron Johnson

Copy from re:SearchTX

Doc ID: dc36acf3af701c059b11a6ab0f971c17ff98a60d

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 2022.02.14 Cameron Johnson Declaration.pdf |
| **FILE NAME** | 2022.02.14%20Came...20Declaration.pdf |
| **DOCUMENT ID** | dc36acf3af701c059b11a6ab0f971c17ff98a60d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

**This document was requested from app.clio.com**

## Document History

**SENT**
**02 / 15 / 2022**
03:58:11 UTC
Sent for signature to Cameron Trent Johnson (olliesdad2016@outlook.com) from jwalters@kmd.law
IP: 64.92.18.117

**VIEWED**
**02 / 15 / 2022**
04:03:12 UTC
Viewed by Cameron Trent Johnson (olliesdad2016@outlook.com)
IP: 70.241.118.50

**SIGNED**
**02 / 15 / 2022**
04:07:19 UTC
Signed by Cameron Trent Johnson (olliesdad2016@outlook.com)
IP: 70.241.118.50

**COMPLETED**
**02 / 15 / 2022**
04:07:19 UTC
The document has been completed.

Copy from re:SearchTX

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAMERON JOHNSON | § | |
| | § | |
| *Defendant.* | § | 61ST JUDICIAL DISTRICT |

## UNSWORN DECLERATION OF RICHARD JOHNSON

"My name is Richard Johnson. I am more than eighteen years of age, of sound mind, and fully competent to make this declaration. My address is 818 Kentucky Street, Deer Park, Texas 77536. I have personal knowledge of the matters set forth below and they are true and correct under penalty of perjury and based on my own personal knowledge.

1.    I am Cameron Johnson's father. I am a graduate of Sam Houston State University with a B.S. in Chemistry and a minor in Mathematics, 4-year lettermen in baseball and 2003 Hall of Honor inductee in Athletics.

2.    I was drafted by the Houston Astros in 1985 and played three and a half years of professional baseball and advancing to the AA level.

3.    I personally coached Cameron until he reached high school, where I transitioned into a role of consultant and mentor for him.

4.    Cameron's base knowledge of baseball came from years and years of getting coached and traveling across the state of Texas playing high school select baseball.

5.    Playing under the tutelage of Curt Blount, who was a former assistant at the University of Houston prior to coaching the Houston Indians, also helped mold him into the instructor he later became—before starting at Hardball Baseball Academy.

Copy from re:SearchTX

Doc ID: fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c

6.   His high school team coach, Sean Wood, also had a major influence on my son.

7.   Cameron and I, to this day, still debate hitting mechanics, style, and the overall approach to be a sound hitter, how no two accomplished hitters are exactly the same, and trade many social media discussions on how completely different body types get the job done in different ways. All this is part of his development of his coaching techniques and methods.

8.   His instructing style and knowledge has become his own and he has become very good at it.

9.   I attend some of his select team games and personally see how respected he is by his students and their parents and how he has developed very close relationships with a great many of them.

10.   Like my son, I worked at Hardball Baseball Academy from the early 2000's until 2018. I left due to a work project where I was away from home for a few weeks per month.

11.   I gave instruction as the Dickinson location and conducted lessons based on my own knowledge and experience and structured my lessons based on what my eyes told me that the student needed—and no instruction was provided to me by the Academy. I was the professional hired for my experience, not the other way around.

12.   Any trainings that were conducted by the Academy to the instructors were generic and was nothing any of the instructors had not already seen elsewhere.

13.   Hardball Academy also provided me with little to no clients. The students that Hardball sometimes provided, while rare, were older, more experienced ones where my professional player history played a role. However, the vast majority of my lessons were by word-of-mouth referrals due to the success my students were having.

14.   When I left in 2018, most of my students wanted to transfer to my son Cameron because

Copy from re:SearchTX

we were often teaching at the same time and taught in a similar, you could say "Johnson Family" style by stressing athleticism and being able to convey and tailor techniques in multiple ways to fit our many different students.

15.     During my time at Hardball, Richie Beard was seldom at the Dickinson facility. The only time I would see Mr. Beard was either at clinics or our yearly meetings where we would discuss the timing for submission of the instructors' monthly invoices and entering our monthly lesson schedule, as well as summer teams planning. The meetings focused on typical administrative tasks as every business does, not the actual game of baseball and its instruction.

16.     I do not remember a time when Hardball Baseball Academy provided any instructor with any tangible knowledge of the game of baseball or how to teach it—and certainly not with myself or my son Cameron.

17.     My date of birth is February 7, 1963.

Further declarant sayeth not."

SIGNED on ___02 / 14 / 2022___, 2022.

_Richard Johnson_

Richard Johnson

Copy from re:SearchTX

Doc ID: fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 2022.02.14 Richard Johnson Declaration.pdf |
| **FILE NAME** | 2022.02.14%20Rich...20Declaration.pdf |
| **DOCUMENT ID** | fabaeee4b05e9ed2726bb6ffaf12ed4b9f5fcd1c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from app.clio.com

## Document History

|  |  |  |
|---|---|---|
| **SENT** | **02 / 15 / 2022** 04:04:10 UTC | Sent for signature to Richard Johnson (richard.johnson@lubrizol.com) from jwalters@kmd.law IP: 64.92.18.117 |
| **VIEWED** | **02 / 15 / 2022** 04:04:43 UTC | Viewed by Richard Johnson (richard.johnson@lubrizol.com) IP: 34.99.113.217 |
| **SIGNED** | **02 / 15 / 2022** 04:05:57 UTC | Signed by Richard Johnson (richard.johnson@lubrizol.com) IP: 34.99.113.217 |
| **COMPLETED** | **02 / 15 / 2022** 04:05:57 UTC | The document has been completed. |

Copy from re:SearchTX

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Frizzell on behalf of Deborah Crain
Bar No. 24067319
sfrizzell@kmd.law
Envelope ID: 63364272
Status as of 4/7/2022 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deborah Crain | 24067319 | dcrain@KMD.law | 4/7/2022 1:03:09 PM | SENT |
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 4/7/2022 1:03:09 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 4/7/2022 1:03:09 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 4/7/2022 1:03:09 PM | SENT |
| Bradley Nevills | | bnevills@kmd.law | 4/7/2022 1:03:09 PM | SENT |

4/11/2022 11:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63475406
By: Brenda Espinoza
Filed: 4/11/2022 11:54 PM

CAUSE NO. 2022-08824

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY, LLC, *Plaintiff*, | § § § § | IN THE DISTRICT COURT OF |
| V. | § § | 61ST JUDICIAL DISTRICT |
| CAMERON JOHNSON, *Defendant.* | § § § | HARRIS COUNTY, TEXAS |

# CERTIFICATE OF WRITTEN DISCOVERY

Defendant Cameron Trent Johnson  files this Certificate of Written Discovery in the above-entitled and numbered cause directed to Plaintiff in the above-entitled and numbered cause pursuant to the applicable local rule and states that the discovery set forth below was served on April 11, 2022 by and through its attorney of record, Jay Aldis of Gray Reed, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77065  as follows:

1) **Defendant's Initial Disclosures;**
2) **Defendant's Responses and Objections to Plaintiff's First Requests for Production;**
3) **JOHNSON 000001 – 330.**

Respectfully submitted,

KEARNEY, McWILLIAMS & DAVIS, PLLC

*Deborah L. Crain*
Deborah L. Crain
Bar Card No.: 24067319
dcrain@kmd.law
Jamison B. Walters
Bar Card No.: 24098573
jwalters@kmd.law
550 Waugh Drive, #150
Houston, Texas 77007
(713) 936-9620
**Counsel for Defendant**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was served on April 11, 2022 in accordance with the Texas Rules of Civil Procedure upon the following:

*Via Email – jaldis@grayreed.com:*
Jay Aldis
Gray Reed
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77065

*Deborah L. Crain*

Deborah L. Crain

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shannon Frizzell on behalf of Deborah Crain
Bar No. 24067319
sfrizzell@kmd.law
Envelope ID: 63475406
Status as of 4/12/2022 7:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deborah Crain | 24067319 | dcrain@KMD.law | 4/11/2022 11:54:42 PM | SENT |
| Jay Ronald Aldis | 785656 | jaldis@grayreed.com | 4/11/2022 11:54:42 PM | SENT |
| Bradley Nevills | | bnevills@kmd.law | 4/11/2022 11:54:42 PM | SENT |
| Jamison BWalters | | jwalters@kmd.law | 4/11/2022 11:54:42 PM | SENT |
| Shannon Frizzell | | sfrizzell@kmd.law | 4/11/2022 11:54:42 PM | SENT |

# EXHIBIT B

**Harris County Docket Sheet**

# 2022-08824

**COURT:** 061st
**FILED DATE:** 2/11/2022
**CASE TYPE:** Non-Competition



| HARDBALL BASEBALL ACADEMY LLC |
|---|
| Attorney: ALDIS, JAY RONALD |
| **vs.** |
| **JOHNSON, CAMERON** |
| Attorney: CRAIN, DEBORAH LOUISE |

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 2/6/2023 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 2/15/2022 | CASO - ORDER SIGNED SETTING HEARING |
| 2/15/2022 | TRORY - ORDER SIGNED DENYING TEMPORARY RESTRAINING ORDER |
| 3/3/2022 | CASO - ORDER SIGNED SETTING HEARING |
| 4/4/2022 | CASO - ORDER SIGNED SETTING HEARING |

# EXHIBIT C

## LIST OF ALL COUNSEL OF RECORD

**1.   Counsel for Plaintiff – Hardball Baseball Academy, LLC.**

Jay Aldis
Texas State Bar No. 00785656
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:      (713) 986-7175
Fax:      (713) 986-7100
jaldis@grayreed.com

**2.   Counsel for Defendant – Cameron Johnson**

Deborah L. Crain
SBN: 24067319
dcrain@kmd.law
Jamison Walters
SBN: 24098573
jwalters@kmd.law
55 Waugh Drive, #150
Houston, Texas 77077
Tel: (713) 936-9620, ext. 111
Fax: (713) 533-8055