UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-1181 |
| CAMERON JOHNSON | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIMS

COMES NOW Plaintiff Hardball Baseball Academy LLC and files this Original Answer to Defendant's Counterclaims and in support thereof respectfully shows the following:

### DEFENSES

In asserting the following defenses, Plaintiff does not admit that the burden of proving the allegations or denials contained in the defenses is upon Plaintiff, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon Defendant. Plaintiff pleads the following defenses, subject to further discovery, but does not assume the burden of proof on any such defenses that would otherwise rest with Defendant. Moreover, Plaintiff does not admit, in asserting any defense, any liability. Rather, Plaintiff specifically denies any and all allegations of liability in Defendant's Counterclaims. Without admitting liability as to any of Defendant's causes of action, Plaintiff asserts the following defenses:

1.  Defendant has failed to state a claim for relief against Plaintiff under the Fair Labor Standards Act ("FLSA" or the "Act") or the Texas Declaratory Judgment Act.

4858-5466-2171.1

2.      Plaintiff denies liability, but alternatively asserts that the acts or omissions giving rise to this action were taken in good faith and that it had reasonable grounds for believing its acts or omissions were not in violation of the FLSA; therefore, Defendant is not entitled to liquidated damages.

3.      Plaintiff denies liability, but alternatively asserts that its actions were taken in good faith in conformity with the law.

4.      Plaintiff denies liability, but alternatively asserts that any alleged violation by Plaintiff was neither knowing nor in reckless disregard for whether its actions complied with the Act and that its alleged actions or omissions do not constitute a willful violation of the FLSA or any other law, regulation, rule, or guideline; therefore, the two-year statute of limitations should apply, and any claims arising more than two years prior to the filing of this action by Defendant are barred by the statute of limitations set forth in 29 U.S.C.§ 255(a).

5.      Plaintiff did not authorize or ratify any willful violation with respect to Defendant, and Defendant has failed to plead facts sufficient to support recovery of such damages.

6.      A collective action is inappropriate as Defendant and others purporting to be putative class members, if any, are not similarly situated; the proposed collective action does not meet the necessary numerosity requirements; Defendant is not a proper representative of a proposed class; an independent and individualized analysis of Defendant's claims and the claims of the others purporting to be putative class members, if any, and of Plaintiff's defenses to all such claims, is required; and, the proposed class is overly broad and ambiguous.

7.      Defendant's claims are barred in whole or in part to the extent they were not brought within the applicable two-year statute of limitations.

8. The Counterclaims are barred in whole or in part by all applicable statutes of limitation, including, but not limited to, that described in 29 U.S.C. § 255.

9. Plaintiff denies liability, but in the alternative asserts, assuming *arguendo,* that if there is a finding that Defendant is entitled to wages or overtime, Plaintiff is entitled to an offset or credit for amounts actually received by Defendant, including but not limited to any premiums received by Defendant or any monies received by Defendant for non-compensable activities, time or hours.

10. Plaintiff denies liability, but in the alternative asserts, assuming *arguendo,* that if there is a finding that Defendant is entitled to wages or overtime, that any non-working hours must be excluded from any calculation of potential liability, regardless of whether the time was compensated.

11. Defendant (and others purporting to be putative class members, if any) have suffered no injury as the result of any conduct of Plaintiff.

12. Assuming *arguendo* that there is a finding that Defendant is entitled to wages or overtime, the claims of Defendant fail, in whole or in part, to the extent Defendant performed compensable work for *de minimis* amounts of time under the *de minimis* or other doctrine and/or rounding regulations.

13. The claims of Defendant fail, in whole or in part, to the extent Defendant seeks compensation for activities that are considered non-compensable under the Portal-to-Portal Act, including but not limited to commuting time under the Employee Commuting Flexibility Act.

14. Assuming *arguendo* that there is a finding that Defendant is entitled to overtime, the overtime rate of pay may be properly calculated based upon a rate of one-half the amount of the regular rate of pay as defined by the U.S. Department of Labor and applicable legal authority.

15. Defendant's Counterclaims fail to state a claim upon which relief may be granted.

16. Defendant's claims are barred by the application of multiple, combination exemptions under the FLSA to the extent Defendant performed a combination of different exempt duties.

17. Defendant is not entitled to compensation for hours he purportedly worked without Plaintiff's actual or constructive knowledge.

18. Defendant is not entitled to recover attorneys' fees.

19. Defendant's claims are barred to the extent he was exempt from the overtime requirements of the FLSA under the executive, administrative, combination or other exemptions under the FLSA.

20. Subject to further discovery, Defendant's alleged damages and losses, if any, are the result of, and directly related to, Defendant's conduct, actions and/or failure to act.

In addition to the foregoing defenses, Defendant's claims may be subject to one or more additional defenses, and Plaintiff reserves the right to rely upon such other and further defenses as may be supported by facts to be determined.

## ANSWER

Pleading further, if necessary, and without waiving the foregoing defenses, Plaintiff answers the allegations of Defendant's Counterclaims below by correspondingly numbered paragraphs:

35. The allegations in Paragraph 35 consist of statements of law, which Plaintiff need not admit or deny.

36. Denied.

37. Denied.

38. Denied.

39. Plaintiff admits that Defendant realleges and incorporates by reference the preceding paragraphs of his First Amended Answer and Original Counterclaims. Plaintiff incorporates by reference all of its denials to all such paragraphs.

40. Denied.

41. Denied.

42. Plaintiff admits that Defendant realleges and incorporates by reference the preceding paragraphs of his First Amended Answer and Original Counterclaims. Plaintiff incorporates by reference all of its denials to all such paragraphs.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Plaintiff admits that Defendant realleges and incorporates by reference the preceding paragraphs of his First Amended Answer and Original Counterclaims. Plaintiff incorporates by reference all of its denials to all such paragraphs.

48. The allegations in the first sentence of Paragraph 48 consist of statements of law, which Plaintiff need not admit or deny. Plaintiff denies the allegations in the second sentence of Paragraph 48.

49. Plaintiff admits that Defendant realleges and incorporates by reference the preceding paragraphs of his First Amended Answer and Original Counterclaims. Plaintiff incorporates by reference all of its denials to all such paragraphs.

50. Denied.

-6-

51. Denied.

52. Denied.

53. Denied.

54. Plaintiff lacks sufficient information to admit the truth or falsity of the allegations in this paragraph; therefore, they are denied.

55. Plaintiff admits that Defendant realleges and incorporates by reference the preceding paragraphs of his First Amended Answer and Original Counterclaims. Plaintiff incorporates by reference all of its denials to all such paragraphs.

56. Denied.

57. Denied.

58. The allegations in Paragraph 58 consist of statements of law, which Plaintiff need not admit or deny.

59. The allegations in Paragraph 59 consist of statements of law, which Plaintiff need not admit or deny.

60. Plaintiff admits that Defendant seeks monetary and non-monetary relief. Plaintiff denies that Defendant is entitled to any relief in this lawsuit.

61. Plaintiff admits that Defendant asks for pre- and post-judgment interest, court costs, attorney's fees and various other forms of relief. Plaintiff denies that Defendant is entitled to any relief in this lawsuit.

62. Plaintiff admits that Defendant seeks declaratory relief. Plaintiff denies that Defendant is entitled to any relief in this lawsuit.

Plaintiff denies that Defendant is entitled to any of the relief referenced in his Prayer.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant's claims against it be dismissed, that it be awarded the reasonable fees and costs it expends in prosecuting and defending against this lawsuit, and that it be provided all other relief to which it may be entitled.

Respectfully submitted,

**GRAY REED & MCGRAW LLP**

By: _____
Jay Aldis
Texas State Bar No. 00785656
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7175
Fax: (713) 986-7100
jaldis@grayreed.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the  12th  day of May, 2022, a copy of the foregoing document was served on counsel for all counsel of record by the Court's electronic filing system.

_____
Jay Aldis

4858-5466-2171.1