**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARDBALL BASEBALL ACADEMY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-cv-1181** |
| | § | |
| **CAMERON JOHNSON** | § | |
| | § | |
| **Defendant.** | § | |

**AGREED PROTECTIVE ORDER GOVERNING DISCOVERY**

The parties to the above-styled action (the "Lawsuit") will be engaged in discovery which may involve requests for disclosure of information considered by one (1) or more parties to be confidential, proprietary, and/or trade secret information ("Confidential Information").

To facilitate the disclosure of documents and information during the discovery phase of this matter only, the parties, through their respective attorneys of record, have jointly moved the Court to enter an Agreed Protective Order ("Protective Order") to protect the confidentiality of information that may be produced or disclosed during discovery.  The Court, having considered this issue, Orders that:

1.    **Designation of Confidential Information.**  The parties to this litigation, and any third-party, may designate as "Confidential" any document, deposition testimony, or other tangible thing which contains Confidential Information, which the parties anticipate will include (i) the classes and/or training performed, hosted, or otherwise provided at Plaintiff's business facilities; (ii) the names and personal/private information of any clients, employees, customers, or contractors involved in such classes and/or training; (iii) any contact information for any minors utilizing the classes and/or training contemplated and described above, and (iv) any

1

communications between Plaintiff, Defendant, or any such clients, employees, customers, or contractors regarding such classes and/or training.

2.      For documents or other tangible things, such designation shall be made by stamping the document or thing as "Confidential" prior to delivering a copy of same to the opposing party.  For deposition testimony, such designation shall be made by identifying specific testimony or exhibits as "Confidential" on the record at the deposition.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively-numbered pages being provided in a non-designated main transcript.  The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

3.      **Subsequent Designation of Confidential Information.**  Any party or third-party may designate any document, deposition testimony, or other tangible thing as containing "Confidential" Information which has been previously produced or transcribed without such designation, or that has been produced or transcribed by another party or a third-party and was not designated as containing "Confidential" Information at the time produced or transcribed. Notice of such post-production designation shall be given to all parties to whom such materials have previously been furnished.  For documents or other tangible things, such post-production designation should be made within the latter of thirty (30) days after the document or other tangible thing has been produced or thirty (30) days from the date this Order is entered.  For deposition transcripts, such post-production designation should be made within fourteen (14) days after the deposition transcript has been received.  From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was in fact marked as set forth in paragraph 1 above at the time of production.

2

4.      **Challenges to Designation.**   A party may challenge the designation of a particular document or matter as "Confidential" by motion to the Court.  At a hearing on such motion, the party seeking the confidentiality of a document or documents or matters shall have the burden of proving good cause for the entry of an order maintaining the confidentiality designation.

5.      **Maintenance of Confidential Information.**   Any portion of the foregoing designated as "Confidential," until further order by the Court, shall be used solely for this Lawsuit and shall be disseminated or disclosed only to the following persons:

      a.      Counsel, and their staff, employed by or retained by a party in this Lawsuit;

      b.      Any individual parties, as well as the officers, directors, and in-house counsel of corporate parties, who are named as a Plaintiff or Defendant in this Lawsuit, provided that each such person shall execute a copy of the Certification attached to this Agreed Protective Order before being shown or given "Confidential" Information;

      c.      The Court and court personnel, if reasonably necessary to support a party's filing in this Lawsuit;

      d.      Court reporters, mediators, and arbitrators retained in this Lawsuit; and

      e.      Experts, non-testifying consultants, and third-party copy, trial preparation, or document destruction services retained by the parties in this litigation, provided that each such person shall execute a copy of the Certification attached to this Agreed Protective Order before being shown or given "Confidential Information."

6.      **No Waiver.**   A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the confidential designation is made, and a failure to challenge or object to the confidential designation at the time the designation is made shall not preclude a subsequent challenge thereto.

8.      **Additional Protection Preserved.**   Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an

3

appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder as containing "Confidential" Information.  Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.

9.      **Return of Confidential Information.**  Within thirty (30) days of the final termination of this Lawsuit, the parties shall return to the opposing counsel all information designated as "Confidential" that was produced to such party (assuming no objection to confidentiality was made to and resolved by the Court), or destroy such information and certify to the opposing counsel that such destruction was accomplished.  Counsel for each party may retain one (1) set of pleadings, depositions, and deposition exhibits.

10.     **No Admission.**  Nothing contained in this Protective Order, nor any action taken in compliance with it, shall:

    a.     Operate as an admission by any party that any discovery material is, or is not, in fact, confidential;

    b.     Operate as an admission by any party that discovery material is, or is not, admissible in evidence at trial; or

    c.     Prevent a party from using or disclosing its own documents.

11.     **Modification Permitted.**  Any of the parties may request that the Court modify or otherwise grant relief from any provision of this Protective Order.

12.     **Use of Confidential Information.**  For any motion, brief, discovery request, or pleading in this action in which "Confidential" information is quoted, discussed, relied upon, attached as an exhibit, or otherwise disclosed, that "Confidential" information shall not be

4892-4339-1263.1

openly filed with the clerk of the Court but shall be filed under seal as permitted by applicable rules and procedures.

13.     **No restriction on parties' individual right to disclose.**  Nothing in this Order shall prevent any designating party from disclosing its own "Confidential" information as it deems appropriate.


IT IS SO ORDERED.

Signed on this _____ day of May, 2022.


_____
UNITED STATES DISTRICT JUDGE

4892-4339-1263.1

APPROVED, AGREED TO
AND REQUESTED FOR ENTRY BY:


_____*/s/ Jay Aldis*_____
Jay Aldis
GRAY REED & MCGRAW LLP
Attorneys for Plaintiff




_____*/s/ Deborah L. Crain*_____
Deborah L. Crain
KEARNEY, MCWILLIAMS & DAVIS, PLLC
Attorneys for Defendant

## **CERTIFICATION**

I hereby certify that I have read the attached Protective Order Governing Discovery (the "Order"), and I agree as follows: I will not reveal Confidential Information to, or discuss Confidential Information with, any person who is not entitled to receive Confidential Information in accordance with the Order; I will use Confidential Information only for the purposes of this Lawsuit and not for any other purpose whatsoever; I will otherwise keep all Confidential Information confidential in accordance with the Order; and I will otherwise be bound by the restrictions in the Order.

_____
Signature

_____
Printed Name

_____
Date

7