UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-01181 |
| CAMERON JOHNSON | § § § | |
| Defendant. | § § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's Order for Conference and Federal Rule of Civil Procedure Rule 26(f), Plaintiff Hardball Baseball Academy and Defendant Cameron Johnson submit the following as their Joint Proposed Case Management Plan.

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    **ANSWER:** **Jay Aldis, counsel for Plaintiff, and Deborah Crain, counsel for Defendant, conferred by electronic mail and telephone on August 16, 2022.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **ANSWER:** **None.**

3. Briefly describe what the case is about.

    **ANSWER:** **This was initially a state court non-compete/misuse of confidential information lawsuit. Defendant brought counterclaims for alleged unpaid overtime pursuant to the Fair Labor Standards Act and the lawsuit was removed to this Court.**

4. Specify the allegation of federal jurisdiction.

**ANSWER:**  Federal question.

5. Name the parties who disagree and the reasons.

**ANSWER:**  None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:**  The Parties do not anticipate adding any other parties.

7. List anticipated interventions.

**ANSWER:**  None anticipated at this time.

8. Describe class-action issues.

**ANSWER:**  Defendant's counterclaims reference a collective action of "others similarly situated" to Defendant who were purportedly not paid overtime in violation of the **Fair Labor Standards Act.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:**  Defendant provided his Initial Disclosures on August 15, 2022.  Plaintiff anticipates providing its Initial Disclosures by August 23, 2022.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **ANSWER:**  Initial Disclosures. The parties agree that they will complete initial disclosures by August 23, 2022.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **ANSWER:**  To Defendant on or before September 30, 2022.

C. When and to whom the defendant anticipates it may send interrogatories.

**ANSWER: To Plaintiff on or before September 30, 2022.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER: Plaintiff anticipates taking Defendant's oral deposition, as well as one or more other witnesses identified by Defendant, on or before December 16, 2022.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**ANSWER: Defendant anticipates taking the deposition of Richie Beard (as corporate representative of Plaintiff), as well as one or more other witnesses identified by Plaintiff, on or before December 16, 2022.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER: Plaintiffs will designate experts and provide reports, if any, on or before January 20, 2023. Defendant will designate experts and provide reports, if any, on or before February 24, 2023.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER: Plaintiffs anticipate taking the deposition of Defendant's expert[s], if any, on or before March 17, 2023.**

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

  **ANSWER:** Defendant anticipates taking the deposition of Plaintiff's expert[s], if any, on or before March 17, 2023.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  **ANSWER:** The Parties agree.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

  **ANSWER:** The Parties have exchanged and responded to Requests for Production and continue to supplement those responses.

13. State the date the planned discovery can be reasonably completed.

  **ANSWER:** April 14, 2023.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

  **ANSWER:** The parties have conferred regarding settlement and the potential for pre-trial resolution, including mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

  **ANSWER:** The parties have engaged in conversation regarding the potential for a pre-trial resolution, including the use of mediation.

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

  **ANSWER:** Informal negotiations along with potential mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER: The Parties consent to proceed before a magistrate judge for the purposes of trial.**

18. State whether a jury demand has been made and if was made on time.

**ANSWER: Defendant made a timely jury demand in his State court Answer and Counterclaims.**

19. Specify the number of hours it will take to present the evidence in this case.

**ANSWER: The Parties anticipate it will require 16 hours to present the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER: None.**

21. List other motions pending.

**ANSWER: None.**

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

**ANSWER: None known to the Parties.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**ANSWER: The Parties so certify.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel

**ANSWER: That information is listed in the signature blocks below.**

| **GRAY REED** | **KEARNEY MCWILLIAMS & DAVIS, PLLC** |
|---|---|
| By:/s/ *Jay Aldis* | By:*/s/ Deborah L. Crain* |
| Jay Aldis | Deborah L. Crain |
| Attorney in Charge | Attorney in Charge |
| Texas State Bar No. 00785656 | State Bar No. 24067319 |
| 1300 Post Oak Blvd., Suite 2000 | dccrain@kmd.law |
| Houston, Texas 77056 | Bradley A. Nevills |
| Telephone: (713) 986-7175 | State Bar No. 24083561 |
| E-mail: jaldis@grayreed.com | bnevills@kmd.law |
| | 55 Waugh Drive, Suite 150 |
| **ATTORNEYS FOR PLAINTIFF** | Houston, Texas 77007 |
| | Telephone: (713) 936-9620, ext. 111 |
| | **ATTORNEYS FOR DEFENDANT** |

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 16th day of August, 2022.

By:*/s/ Jay Aldis*
Jay Aldis

4878-8607-4670.2