IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARDBALL BASEBALL ACADEMY, LLC, § § § § | |
| Plaintiff, | |
| v. § § § § § | Civil Action No. 4:22-CV-01181 |
| CAMERON JOHNSON, § § | |
| Defendant. | |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cameron Johnson, Defendant in the above-styled and numbered cause of action ("Defendant" or "Johnson"), and files this Motion for Partial Summary Judgment against Plaintiff Hardball Baseball Academy, LLC ("Plaintiff" or "Hardball"). In support of same, Defendant will show this Honorable Court as follows:

### I. INTRODUCTION

1. On February 11, 2022, Plaintiff filed its Original Complaint against Defendant for five (5) separate accounts against Defendant that include:

    i. Breach of Contract;
    ii. Intentional Interference with Business Relations;
    iii. Misappropriation of Confidential Information and Trade Secrets Violation of the Texas Uniform Trade Secrets Act;
    iv. Unfair Competition; and
    v. Attorneys Fees.

2. Additionally, Plaintiff requested a Temporary Restraining Order, which the district court rightfully and justifiably denied on February 15, 2022.

3. Defendant, responded to Plaintiff's Original Complaint on February 14, 2022, and denied all allegations as well as put forth the affirmative defenses of unclean hands, failure to provide consideration in the non-compete agreement, unenforceability, and unconscionability as a matter of Texas Law, and indefiniteness of contract.

4. On April 7, 2022, Defendant then reasserted its general denial of all allegations, demanded proof from Plaintiff for the allegations put forth, and filed a counterclaim against Plaintiff for Violation of the Fair Labor Standards Act.

5. On April 12, 2022, Plaintiff moved this case to this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the discovery phase of this case went underway. More specifically, Defendant asserts that Plaintiff violated the Fair Labor Standards Act for:

   i. failure to maintain accurate records in violation of 29 U.S.C. § 211(c);
   ii. failure to pay overtime in violation of 29 U.S.C. § 207(a); and
   iii. failure to pay traveling or other expenses incurred by employee in the furtherance of employer's interest in violation of 29 C.F.R. §§ 785.37-41.

6. Through the discovery phase of this cause, Plaintiff has produced hundreds of pages of documents in response to Defendant's request, but the documents lack accuracy and details describing the ordinary and overtime hours worked by the Defendant, the ordinary wages paid by Defendant to each individual Plaintiff for said hours of ordinary work, and the overtime wages paid by Defendant to each individual Plaintiff for said hours of overtime.

7. The records kept by Plaintiff reveals that at all times during which Defendant was employed and/or engaged by Plaintiff, (i) Defendant was not paid above the federal minimum wage; (ii) Defendant was not paid overtime wages at a rate or one and one-half times said Defendant's ordinary rates of pay for all hours worked in excess of forty (40) hours for any given workweek; (iii) Plaintiff failed to maintain accurate time records of all Defendant's employment and/or engagement; and (iv) Plaintiff failed to fairly compensate Defendant for travel, including

during the workday, away from home, away from home using Defendant's automobile, work performed while traveling.

8. In consideration of the factual evidence referenced herein, Defendant now brings this Motion for Summary Judgment against Plaintiff for violation of the Fair Labor Standards Act and Occupational Safety and Health Standards for failure to pay minimum wage, failure to pay overtime, failure to compensate for travel, failure to maintain accurate records. Summary judgment on these claims should be granted in Defendant's favor because the summary-judgment evidence establishes that there is no genuine issue of material fact regarding Defendant's claims and all requisite elements of Defendant's claims are satisfied.

## II. SUMMARY JUDGEMENT EVIDENCE

9. In support of this Motion, Defendant relies on the following summary judgment evidence attached hereto and incorporated herein by reference:

| | |
|---|---|
| Exhibit 1 | Payment/Salary Scale for Instructors |
| Exhibit 2 | Time Logs |
| Exhibit 3 | Pay stubs |
| Exhibit 4 | Defendant Affidavit |
| Exhibit 5 | Cameron Johnson Employment Contract |

## III. STATEMENT OF FACTS

10. Defendant is an individual residing in the state of Texas engaged in the business of providing baseball coaching to adolescents. Defendant stipulates that at all times relevant to this cause Defendant was engaged in employment of offering services that are covered by FLSA and OSHA.

11. Plaintiff employs multiple individuals as employees of Plaintiff. Plaintiff's employees are paid hourly.

12. Plaintiff previously employed Defendant and Defendant was paid on an hourly basis or a flat fee. *See Exhibit 1*.

13. Plaintiff provided insufficient and inadequate time logs purporting the number of hours worked by Defendant and other employees of Plaintiff. *See Exhibit 2*. Plaintiff utilized Google Sheets, an electronic and cloud-based version of Microsoft Excel, to track the hours worked by Defendant. Plaintiff utilizes no secondary timekeeping system or provides details on how Plaintiff keeps track of Defendant's time coaching practices, coaching and attending games, or traveling to facilities and fields outside of the designated work location.

14. Plaintiff further provided "invoices" dated between October 2014 and December 2019, however, there is a deficiency in continuity of the months between the date range. *See Exhibit 3*. These "invoices" purportedly represent a break down of the amount Plaintiff paid Defendant during Defendant's employment.

15. The digital records from Plaintiff's electronic timekeeping system were insufficiently maintained for Defendant during the entirety of his respective periods of employment or engagement with Plaintiff. Any discrepancies between the ordinary and overtime hours for which Defendant contests were not properly recorded by the Plaintiff's electronic timekeeping system, as demonstrated by comparison to the true time during which the Plaintiffs performed work for Defendant. *See Exhibits 2 and Exhibit 4*.

16. Defendant worked multiple tournaments during course of employment but was not paid for the work. Defendant was solely given a season team stipend and not paid for hours or reimbursed for travel expenses.

17. At times, when Defendant would help out around the facility, Plaintiff did not compensate Defendant for work tendered by Defendant for maintaining facility.

18. The conduct of the Plaintiff constitutes violations of well-established federal law for payroll, time management, and record-keeping practices.

## IV. ISSUES TO BE RULED UPON BY THE COURT

19. The issues to be ruled upon by the Court are:

   i. Whether the summary judgement evidence establishes, as a matter of law, that the Plaintiff failed to maintain accurate records in violation of 29 U.S.C. § 211(c);

   ii. whether the summary judgement evidence establishes, as a matter of law, that Plaintiff violated the FLSA by failure to pay overtime in violation of 29 U.S.C. § 207(a); and

   iii. whether the summary judgement evidence establishes, as a matter of law, that Plaintiff failed to compensate Defendant in the furtherance of Plaintiff's interest for, while, or during travel in violation of 29 C.F.R. §§ 785.37-41.

## V. ARGUMENTS & AUTHORITIES

### A. STANDARD OF REVIEW

20. "Summary judgment is appropriate [if the summary-judgment evidence shows] 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Mello v. Sara Lee Corp.*, 431 F.3d 334, 335 (5th Cir. 2005) (quoting Fed. R. Civ. P. 56). In making that determination, the Court reviews the evidence and draws all inferences in the light most favorable to the nonmoving party. *Baton Rouge Bldg. & Constr. Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). "The movant bears the [initial] burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). Once the party

moving for summary judgment meets its threshold burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial[]" to overcome summary judgment. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *see also Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 308 (5th Cir. 2011); *see also Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) ("Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (citations and quotations omitted)). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Id. (citations and quotations omitted). Instead, the nonmovant must set forth sufficient facts such that a reasonable jury could return a verdict in his favor. *Id.*

### A. THE SUMMARY-JUDGEMENT EVIDENCE, AS A MATTER OF LAW, THAT PLAINTIFF VIOLATED FLSA BY FAILURE TO MAINTAIN ACCURATE RECORDS

21. Under the FLSA, Plaintiff is required to keep records regarding the "wages, hours, and other conditions and practices of employment" for its employees. 29 U.S.C. § 211(c); *see also*, 29 C.F.R. pt. 516. This includes, among other things, the (i) "[h]ours worked each workday and [the] total hours worked each workweek," (ii) "total additions to or deductions from wages paid each pay period [and] the dates, amounts, and nature of the items which make up the total additions and deductions," and (iii) "total wages paid each pay period[.]" 29 C.F.R. § 516.2(a)(7),(10),(11). The FLSA's recordkeeping requirements are one of the "fundamental underpinnings of the Act[.]" *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603, 607 (5th Cir. 1966). "Failure to keep accurate records can obscure a multitude of minimum wage and overtime violations." *Id*. For that reason,

"an employer's recordkeeping practices may … corroborate an employee's claim[] that the employer acted willfully in failing to compensate for overtime." *Elwell* at 844.

22. Plaintiff has a propensity of keeping ill-maintained records with a disregard for organization and proper tracking of hours. The timesheets provided by Plaintiff merely contain a total number of hours based on the type of lesson. *See Exhibit 2*. The timesheets lack delineation of time by week or day, only providing the overall for the month. In addition, the timesheets do not include hours worked for tournaments or camps that Defendant participated in. There is simply no way to gauge if any of these records are accurate in any respect. Moreover, Plaintiff fails to provide paystubs for various months during Defendant's employment. *See Exhibit 3*. Accordingly, Plaintiff failed to keep accurate records as required by the FLSA. *See*, e.g., 29 C.F.R. § 516.2(a)(7), (10), (11).

### B. THE SUMMARY-JUDGEMENT EVIDENCE, AS A MATTER OF LAW, THAT PLAINTIFF VIOLATED FLSA BY FAILURE TO PAY OVERTIME

23. To prevail on their unpaid overtime claim, Plaintiffs must establish, as a matter of law: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res.* (CVR), 758 F.3d 627, 630 (5th Cir. 2014).

24. First, there exists an employer-employee relationship during the unpaid overtime periods claimed between Defendant and Plaintiff. The threshold issue in any FLSA case is whether an employer-employee relationship exists. *See*, e.g., 29 U.S.C. § 207(a)(1). Here, Defendant had an employment contract with Plaintiff, thus establishing an employer-employee relationship. *See Exhibit 5*.

25. Second, the Defendant engages in activities within the coverage of FLSA. There are two types of coverage under the FLSA: individual coverage and enterprise coverage. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-501 (5th Cir. 1975). On the one hand, an employee is individually covered where he is "engaged in commerce or in the production of goods for commerce"; on the other hand, all of the employees of an "enterprise" are covered (regardless of whether they are individually engaged in commerce) if the statutory requirements are met. *Id.*; *see also*, 29 U.S.C. §§ 206(a), 207(a).

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]

29 U.S.C. § 203(r). Section 203(s)(1) provides that such an enterprise

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that is separately stated);

29 U.S.C. § 203(s)(1)(A).

Here, Defendant provided services as a baseball coach and his work even took him to Louisiana for work.

26. Third, Plaintiff failed to pay Defendant overtime wages as required under FLSA. Under 29 U.S.C. § 207(a)(1), "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." In this case, Plaintiff failed to pay Defendant for workweeks in which Defendant worked more than forty (40) hours. Moreover, Plaintiff would even deduct money from

Defendant's salary for any travel costs. The failure to adhere to the minimum standards of federal law is to say the least – egregious.

27. Finally, Defendant is entitled to damages from Plaintiff because Plaintiff violated the overtime wage requirement under FLSA. "[T]he proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law to be determined by the court." *Olibas v. Barclay*, 838 F.3d 442, 451 (5th Cir. 2016). In this case, the lack of proper records indicating the hours worked by Defendant attributes to the fact that the time sheets failed to denote the exact number of hours Defendant worked. *See Exhibit 6*, Defendant's affidavit demonstrating that overtime pay was required.

### C. THE SUMMARY-JUDGEMENT EVIDENCE, AS A MATTER OF LAW, THAT PLAINTIFF VIOLATED 29 C.F.R. BY FAILURE TO PAY TRAVELING EXPENSES

28. Under 29 C.F.R. § 785.37, Plaintiff failed to pay Defendant for work conducted in another city when given a special assignment. During Defendant's employment with Plaintiff, Defendant was required to travel to sports complexes and facilities to distant cities outside the usual place of work in Pearland, Texas and Dickinson, Texas. *See Exhibit 4*. Locations in Texas Defendant traveled to include, but are not limited to, Dallas, College Station, Sam Houston, and surrounding Houston area. Defendant was not compensated for this travel which is no ordinary home-to-work travel occasioned by the fact of his employment. This performance was for the Plaintiff's benefit and at the Plaintiff's special request to accomplish a particular assignment, which qualifies as time traveled for which Defendant must be compensated for, but Plaintiff failed to do so.

29. Under 29 C.F.R. § 785.38, Plaintiff failed to pay Defendant for time spent by Defendant in travel as part of work during the workday. Sometimes, Defendant would report to the Pearland or Dickinson facility to check in and pick up equipment then travel to other locations across Texas,

and sometimes neighboring states of Texas. *See Exhibit 4*. Plaintiff failed to compensate Defendant for time spent for travel after reporting to work and heading to other job sites.

30. Under 29 C.F.R. § 785.39, Plaintiff failed to pay Defendant for travel that kept Defendant away from home overnight. One example of the overtime that was not compensated was when Defendant traveled to Dallas, Texas, in July 2021 for a tournament, during which the Defendant spent the night in Dallas and was required to drive there and work during Defendant's normal working hours and nonworking days. *See Exhibit 4*. Plaintiff failed to compensate Defendant for the hours spent away from home and further deducted money from Defendant's paycheck for travel expenses. Defendant estimates there were numerous other occasions as seen by his affidavit. Because of the Plaintiff's utter train wreck of records, Plaintiff cannot show that Defendant was compensated for the actual hours worked, including travel time.

31. Under 29 C.F.R. § 785.40, Plaintiff failed to compensate Defendant for travel away from work when Defendant used his private automobile. Defendant drove countless hours to various sports complexes across Texas and neighboring states to further Plaintiff's interests for which Defendant was never paid for the hours spent driving his private automobile. *See Exhibit 4*.

32. Under 29 C.F.R. § 785.41, Plaintiff failed to compensate Defendant for work performed while traveling. In furthering the interests of Plaintiff's business, Defendant would prepare for practices and games while traveling by compiling practice drills, reviewing strategies, contacting clients, and more. *See Exhibit 4*.

33. Accordingly, Plaintiff failed to compensate Defendant in the furtherance of Plaintiff's interest for, while, or during travel in violation of 29 C.F.R. §§ 785.37-41.

## VI.   CONCLUSION AND PRAYER

34. In contradiction to Plaintiff's unsupported claims, Plaintiff (i) violated the Fair Labor Standards Act for failure to maintain accurate records in violation of 29 U.S.C. § 211(c); (ii) violated the Fair Labor Standards Act for failure to pay overtime in violation of 29 U.S.C. § 207(a); and (iii) failed to compensate Defendant in the furtherance of Plaintiff's interest for, while, or during travel in violation of 29 C.F.R. §§ 785.37-41. Further, Defendant, Cameron Johnson, respectfully prays that the Court grant this Motion for Summary Judgment in favor of Defendant. Defendant is entitled to Attorney's Fees and Costs for having to prosecute this claim.  Defendant further prays for all such other and further relief, whether at law or in equity, to which Defendant may humbly show itself entitled.

Respectfully submitted,

**KEARNEY, MCWILLIAMS & DAVIS, PLLC**

<u>Deborah L. Crain</u>
Deborah L. Crain
SBN: 24067319
dcrain@kmd.law
Jamison Walters
SBN: 24098573
jwalters@kmd.law
55 Waugh Drive, #150
Houston, Texas 77077
Tel: (713) 936-9620, ext. 111
Fax: (713) 533-8055
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a true and correct copy of the foregoing was served on November 22, 2022 in accordance with the Texas Rules of Civil Procedure upon the following:

*Via E-file: jaldis@grayreed.com*
Gray Reed
Jay Aldis
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77065
**ATTORNEYS FOR PLAINTIFF**

/s/ Deborah L. Crain
Deborah L. Crain