IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARDBALL BASEBALL ACADEMY, LLC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-01181 |
| CAMERON JOHNSON | § § § | |
| *Defendant.* | § § § | |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Hardball Baseball Academy, LLC ("Hardball") files this Sur-Reply to Defendant/Counter-Plaintiff Cameron Johnson's ("Johnson") Reply to Hardball's Response to Johnson's Motion for Partial Summary Judgment, and respectfully shows the Court the following:

**SUMMARY OF THE ARGUMENT**

Johnson's Reply is truly remarkable. First, it doubles down on the argument that Johnson is entitled to summary judgment as a matter of law on his FLSA recordkeeping claim, despite the fact the law could not be more clear – he has no standing to pursue the claim. Second, the Reply brazenly states that Johnson was an employee, rather than an independent contractor, because his work at Hardball was his full-time job – in fact his "life and his livelihood – and he could not, and did not, work elsewhere. However, those assertions are patently false. Third, the Reply represents a classic example of "losing sight of the forest for the trees." Johnson has filed a Motion for Summary Judgment in which he contends he must prevail, as a matter of law, on his <u>own</u> FLSA counterclaims, because there are no material issues of fact on any of those claims. Yet, his Reply

1

consists of almost eight pages in which he demonstrates, at minimum, that there are dozens of fact issues as to whether he was an independent contractor or employee. In light of all these factors, as well as those referenced in Hardball's Response, Johnson's Motion should be denied.

**I. Johnson clearly lacks standing to assert his recordkeeping claim against Hardball.**

Johnson's Reply neglects to address the clear legal barrier to his recordkeeping claim: his lack of standing. Indeed, as Hardball demonstrated in its Response, no private cause of action exists for violations of the FLSA's recordkeeping provisions. *Lobo v. Spring Safety, Inc.*, No. 4:19-CV-3934, 2020 WL 1659888, at *2 (S.D. Tex. Mar. 30, 2020). Rather, the authority to enforce the FLSA's recordkeeping provisions is vested exclusively in the Secretary of Labor. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002). Thus, irrespective of Johnson's factual support -- which is at best threadbare -- his lack of legal standing alone forecloses his ability to bring this claim.

**II. Johnson Predicates His Independent Contractor Argument on Blatant Falsehoods.**

In replying to Hardball's Response, Johnson employs and relies on falsehoods, both in the body of the Reply and in a supporting affidavit. In arguing that Johnson is an employee rather than an independent contractor, Johnson claims he worked exclusively for Hardball. *See Reply at 4, ¶ 3* ("This is not a situation where Cameron Johnson is some part-time coach and full-time employee somewhere else. Baseball is his life and his livelihood.") Johnson further purports to have worked exclusively for Hardball in his supporting affidavit by answering "No" to the question of whether he "work[ed] for more than one company at a time?" *See Reply, Exhibit 10, at 1-2, ¶ c.*

These representations are patently false. In reality, Johnson constantly worked other jobs during his time at Hardball. For instance, he began work as a full-time health insurance salesman in or around September 4, 2018. *See Exhibit and Exhibit A-1, 18.09.04 Email re: new health insurance position.* He even began trying to sell Hardball's owner, Richie Beard ("Beard"), health

2

insurance in November 2018. *See Exhibit A-2, 18.11.23 texts trying to sell health insurance*. In January 2019, Johnson began working for a new health insurance company. *See Exhibit A-3, 19.01.09 texts re new health insurance company.* In June 2019, Johnson worked as a solar panel salesman. *See Exhibit A-4, 19.06.30 texts re solar panels*. In December 2019, Johnson again attempted to sell Beard health insurance. *See Exhibit A-5, 19.12.11 texts trying to sell health insurance*. In or around August 2020, Johnson's health insurance employer put employees on hold and Johnson actually filed for unemployment benefits. *See Exhibit A-5, 20.08.03 texts re unemployment.* Johnson's employment records on Signalhire.com, which are available to the public, indicate that Johnson was a National Sales Manager for TreadWright Tires from October 2019 to March 2020, and then was an Operations Supervisor at GEODIS from May 2020 to the present. *See Exhibit B, Signalhire.com Public Record of Johnson's Employment*. Johnson's LinkedIn profile also aligns with Johnson's Signalhire.com records. *See Exhibit C, Cameron Johnson LinkedIn*.

The foregoing evidence illustrates that Johnson consistently had full-time employment away from Hardball and negates his sworn contention, *supra*, that "he worked exclusively for Hardball." Moreover, the evidence bolsters Hardball's argument that Johnson was an independent contractor and therefore does not fall within the FLSA's protections.

Although Johnson invokes a Supreme Court case to argue that an "independent contractor label does not take the worker from the protection of the [Fair Labor Standards] Act," *see Reply at 2, ¶ 3*, that proposition mischaracterizes Hardball's entire argument on the issue. Hardball has never based its independent contractor contentions solely on the fact Johnson was called an independent contractor while working there. Rather, Hardball has always relied -- in accordance with the statutory language of the FLSA, and hundreds of cases interpreting it – on the fact that

3

independent contractors are simply not covered by the Act and are therefore not entitled to the very relief to which Johnson now declares he is entitled to summary judgment.

### III. Johnson's Reply Actually Provides Stronger Support for Denial of Summary Judgment than Granting Summary Judgment.

Finally, and ironically, Johnson's Reply establishes all the more that he cannot be awarded judgment as a matter of law on his FLSA claims. Johnson has apparently lost sight of his burden -- he is a counter-plaintiff seeking summary judgment on <u>his own</u> counterclaims. As such, he must establish that no genuine issues of material fact exist with respect to those claims. However, Johnson's Reply effectively constitutes an eight-page revelation -- even on his own terms – of fact issues that defeat summary judgment.

### PRAYER

For the foregoing reasons, as well as those identified in Hardball's Response, Johnson has failed to establish or demonstrate that material issues of fact do not exist on any of the claims on which he seeks summary judgment. Therefore, Hardball prays that the Court will deny Johnson's Partial Motion for Summary Judgment and grant it all other relief to which it may be entitled.

Respectfully submitted,

**GRAY REED & McGRAW LLP**

By: _/s/ Jay Aldis_
JAY ALDIS
State Bar No. 00785656
jaldis@grayreed.com
J. TRAVIS NADALINI
State Bar No. 24132308
tnadalini@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7175 – Telephone

**ATTORNEYS FOR PLAINTIFF**

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January 2023, a copy of the foregoing document was served on counsel of record by the Court's electronic filing system.

_____
Jay Aldis